IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | CASE NO. 3:05-CR-234-A |
| | ) | |
| | ) | **ORAL ARGUMENT AND FULL** |
| **vs.** | ) | **HEARING REQUESTED BEFORE** |
| | ) | **FULL U.S. DISTRICT COURT JUDGE** |
| **TYRONE WHITE** | ) | |

**MOTION TO LIFT ELECTRONIC MONITORING RESTRICTIONS AND ALLOW DEFENDANT TO REMAIN OUT ON BOND PENDING TRIAL**

COMES NOW the Defendant, Tyrone White, by and through his undersigned counsel, and moves this Honorable Court to Lift the Electronic Monitoring Restrictions and Home Confinement and Allow Defendant to Remain Out on Bond pending trial. As grounds therefore the undersigned shows as follows:

1. The Defendant, Tyrone White, has been a police officer at the Auburn Police department for 16 years. His wife and son live in Auburn, and the church that he attends regularly, and which is supporting him so strongly, is in Auburn. Mr. White is in no way a flight risk from this jurisdiction pending his trial, which is currently scheduled for the relatively near date of Monday, December 5, 2005.

2. A bond of $25,000.00 to guarantee Mr. White's appearance at the trial has been posted, and will further ensure the defendant is present at trial.

3. Home confinement interferes with the defense lawyers' ability to prepare their case for trial, requiring special permission from a probation officer for this defendant to drive from Opelika back to Montgomery to assist in the trial preparation.

4. The use of the home confinement along with an electronic monitoring device

        is racially discriminatory, in that white police officers charged with similar offenses in the Middle District of Alabama have not been required to wear monitoring devises, and have not been required to be on home confinement pending trial, but have been out on bond. (i.e. George David Salum)

5.    It appears that the electronic monitoring device and home confinement are retaliatory, and violative of the First Amendment free speech rights of this defendant, in that the government appears upset with this defendant for speaking out publicly in his own right, and by and through his attorney, against a racial animus on the part of the top brass of the Auburn Police department towards the defendant. Indeed, both the FBI and the U.S. Attorneys Office for the Middle District of Alabama have expressed displeasure that this defendant has spoken out, criticizing the government's investigation and charges against him. See illustrative Articles from the Opelika/Auburn News for October 4 - October 6, 2005, attached hereto as Exhibits A, B, and C and incorporated herein by reference.

6.    Further, under the 6th Amendment to the U.S. Constitution, criminal defendants have a right to have the assistance of counsel, and the government may not interfere with this right. In all criminal prosecutions, the accused shall enjoy the right to ... have the Assistance of Counsel for his defense. U.S. Const. Amend. VI. The right to counsel guaranteed by Sixth Amendment contemplates the right to "untrammeled and unimpaired assistance" from an attorney devoted solely to the interests of his client, prior to trial and during trial. United States ex rel. Hart v. Davenport, 478 F.2d 203

(3d Cir. 1973). Therefore, Defendant Tyrone White has a Constitutionally guaranteed right to unimpaired assistance from his attorney in preparing his defense. The court has held that where a defendant is incarcerated, certain restrictions are acceptable. *E.g.* Campbell v. Miller, 787 F.2d 217 (7th Cir. 1986), *cert. Denied*, 479 U.S. 1019 (1986); *See also* United States v. Roper, 874 F.2d 782 (11th Cir. 1989), *cert. denied*, 493 U.S. 867 (1989). The rationale in this line of cases is that certain restrictions may be allowed for the safety of all parties involved. These cases are distinguishable from the instant case because Tyrone White has not been alleged to be a violent criminal or a physical danger to any person. Further, requiring house arrest is far different than incarceration in prison, in that the Court has already determined that Mr. White does not pose a significant danger to society at large. A defendant's Sixth Amendment right to counsel is violated when the government's intrusion substantially prejudices defendant. Such prejudice exists where: (a) evidence gained through the government's interference is used against the defendant at trial, (b) the prosecution uses confidential information pertaining to its defense plans and strategy, (c) the government's action destroys defendant's confidence in his attorney, or (d) the prosecution takes other actions designed to give it unfair advantage of trial. United States v. Irwin, 612 F.2d 1182, (9th Cir. 1980). In the instant case, Tyrone White was confined in Prattville, Alabama, until he was released, but remains on house arrest. Under the terms of his house arrest, White is limited in visiting his attorney's office, which poses an unacceptable impediment on his ability

to prepare an adequate defense, and which clearly violates his Constitutional right to assistance of counsel. Therefore, the Court should amend its order to allow Mr. White an unfettered right to visit his attorney's office at any time and assist in the defense in other ways, without having to get it first approved by a Probation Office official.

7. Finally, this defendant, through negotiations between his attorney and Assistant United States Attorney Todd Brown on Thursday, October 6, 2005, arranged to turn himself in on Friday, October 7, 2005, at 10:00 a.m. with a clear understanding and agreement that doing so would enable all procedural requirements to be taken care of, for him to be out of jail over the three-day Columbus Day weekend, ending October 10, 2005. Further, the undersigned informed the Assistant United States Attorney that the undersigned would undergo surgery on Friday, October 7, 2005, and therefore could not be present in court on that Friday. Said Assistant United States Attorney Brown insisted that Mr. McPhillips have someone from his office present with Mr. White, and that everything would be fine, if the defendant were there by 10:00 a.m. such that Mr. White would not spend the weekend in jail. Unfortunately, this is not what happened and Mr. White was jailed in a cold, dark, solitary confinement over the weekend in Prattville, Alabama. To Defendant White, it appears that the motivation for this rough treatment was the government's response to Mr. White's filing an EEOC charge on Thursday, October 6, 2005, (a copy of which is attached hereto as Exhibit D and incorporated herein by reference), and the resulting publicity on Friday,

October 7, 2005, to which the government that had ready access. In light of the above, sanctions against the government are in order for misconduct in the way that Defendant White was treated.

WHEREFORE, the premises considered, the Defendant, Tyrone White, through the undersigned moves this Honorable Court to lift any and all restrictions against Mr. White for electronic monitoring or home confinement and allow said defendant to be out with no further restrictions, except the bond of $25,000.00, pending his trial date on December 5, 2005.

RESPECTFULLY submitted this the 12th day of October, 2005.

                          TYRONE WHITE

        BY:    Electronically signed by
                  JULIAN L. MCPHILLIPS, JR., MCP004
                  Attorney for Defendant
                  P.O. Box 64
                  Montgomery, AL 36101
                  334-262-1911

OF COUNSEL:
MCPHILLIPS SHINBAUM LLP
516 S. PERRY STREET
MONTGOMERY, AL 36104
(334) 262-1911

## **CERTIFICATE OF SERVICE**

I hereby certify I have served a copy of the foregoing by placing a copy of same in the United States Postal Service, postage prepaid and properly addressed, and by electronic filing with the Clerk of the Court, to the following address on this the 12th day of October, 2005.

> Hon. Todd A. Brown
> Assistant United States Attorney
> 1 Court Square, Second Floor
> Suite 201
> Montgomery, AL 36104

> Electronically signed by
> JULIAN L. MCPHILLIPS, JR.