**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **)** | |
| | **)** | |
| | **)** | |
| **v.** | **)** | **CR. NO: 3:05-CR-0234-A** |
| | **)** | |
| | **)** | |
| **TYRONE WHITE** | **)** | |

**RESPONSE TO DEFENDANT'S MOTION TO LIFT ELECTRONIC
MONITORING RESTRICTIONS AND ALLOW DEFENDANT
TO REMAIN OUT ON BOND PENDING TRIAL**

**COMES NOW** the United States of America, by and through Leura Garrett Canary, United States Attorney for the Middle District of Alabama, and files the  response to defendant's motion (Doc. 9), as follows:

1.  On or about October 6, 2005, the government contacted the defendant's attorney. During such conversation, the government agreed to not seek to detain the defendant in exchange for the defendant's agreement to submit to electronic monitoring.  This agreement between the government and the defendant, as in a plea agreement, is a legal, binding contract. See United States v. Howle, 166 F.3d 1166, 1168 (11th Cir. 1999)(A plea agreement is, in essence, a contract between the Government and a criminal defendant).

2.  On October 12, 2005, the defendant breached this enforceable contract by moving the Court to lift the electronic monitoring of the defendant.  Therefore, due to the present motion (Doc. 9), the government moves to detain the defendant and requests a hearing on such detention motion.  While the basis of the detention motion will be more thoroughly explored during a detention hearing, the government bases such detention motion on evidence that the defendant has attempted to intimidate witnesses and the knowledge that there is a serious risk that the

defendant will continue to attempt to intimidate witnesses if allowed to remain free on bond. See Title 18, United States Code, Section 3142(f)(2)(B)(Judicial officer shall hold a detention hearing upon motion of the government in a case that involves a serious risk that the defendant will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate or attempt to threaten, injure or intimidate a prospective witness or juror).

3.  With the exception of electronic monitoring, there are no conditions or combination of conditions that would reasonably assure the safety to the community.  See Title 18, United States Code, Section 3142(f)(2)(B).

4.  If the defendant continues to pursue this breach of contract, i.e. the motion to lift the electronic monitoring restrictions, the government moves for detention and request a hearing on such.

Respectfully submitted this the 17th day of October, 2005.

LEURA GARRETT CANARY
UNITED STATES ATTORNEY


/s/ Todd A. Brown
TODD A. BROWN
Assistant United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197
(334) 223-7280
(334) 223-7135 fax
ASB-1901-O64T
Todd.Brown@usdoj.gov

**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **CR. NO: 3:05-CR-0234-A** |
| | ) | |
| | ) | |
| **TYRONE WHITE** | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on September 17, 2005, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system which will send notification of such filing to the

following: Julian McPhillips, Esquire.

Respectfully submitted,

LEURA GARRETT CANARY
UNITED STATES ATTORNEY


/s/ Todd A. Brown
TODD A. BROWN
Assistant United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197
(334) 223-7280
(334) 223-7135 fax
ASB-1901-O64T
Todd.Brown@usdoj.gov