**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
(EASTERN DIVISION)**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | **}** | |
| **PLAINTIFF** | **}** | |
| | **}** | |
| **V.** | **}** | **CASE NUMBER 3:05CR234-A** |
| | **}** | |
| **TYRONE WHITE,** | **}** | |
| **DEFENDANT** | **}** | |

<u>**MOTION PURSUANT TO F.R.E. 404(B) FOR NOTICE BY THE GOVERNMENT OF
ITS INTENTION TO RELY UPON OTHER CRIMES, WRONGS, ACTS AND
MISCONDUCT EVIDENCE AND BRIEF IN SUPPORT**</u>

COMES NOW the Defendant, Tyrone White, by and through his undersigned counsel, Julian L. McPhillips, Jr., and respectfully moves this Honorable Court to direct the Government to **(1) give pre-trial notice, under Rule 404(b) of the Federal Rules of Evidence, of its intention to introduce evidence alleging defendant's commission of other crimes, wrongs, acts and misconduct,** and **(2) to provide defendant, within a reasonable time, a list of all such evidence including names of witnesses, dates, summaries of expected testimony, and any related documentary evidence.**

As further grounds therefore, the undersigned shows as:

1.      Under Rule 404(b) of the Federal Rules of Evidence the Government is required to produce evidence of other crimes, wrongs, or acts which may be admissible for the purpose of showing proof of motive, opportunity, intent, preparation, plan, knowledge, identity or other absence of mistake or accident, with the respect to the wrongdoings charged against Defendant, Tyrone White, in the indictment pending in this action.

2.    Pretrial notice of 404(b) material is required so that a defendant is not subjected to a "trial by ambush."  See, **United States v Kelly,** *420 F.2d26, 29 (2nd Circ. 1969).*  To prevent the introduction of such evidence, and to head off time-consuming and potentially prejudicial contests before the jury over the admissibility of such evidence, defendant seeks pre-trial disclosure of the Government's intention to rely upon any such evidence.

4.    The right of the accused to be advised of such evidence prior to trial arises from **basic U.S. Constitutional rights under the Fifth and Sixth Amendments**.  This includes the (a) **right to notice of the nature and cause of the accusation**, (b) **the right to prepare a defense**, (c) **the right to confrontation of witnesses**, (d) **the right to effective assistance of counsel**, and (e) **the right to due process of law**.

5.    There may be other evidence out there reflecting on motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident, which has not yet been produced to the defense, but which prosecution many use in the prosecution of this case.  The undersigned lawyer for the defense does not want to be caught by surprise in the production of said evidence at trial.

6.    This Court should not allow the government to circumvent the clear mandate and objective of the notice requirements of Fed. R. Evid. 404(b) by suggesting that uncharged acts are overt acts in furtherance of the conspiracy, rather than prior bad acts admissible under an exception to Fed. R. Evid. 404(b).  To the extent that the government suggests this alternative route of admissibility, then it should provide a bill of particulars

concerning to all uncharged overt acts it plans on introducing at trial.  See,
*United States v. Hubbard*, *474 F. Supp. 64, 81 (D.D.C. 1979)* (Ordering
the government to provide a list of all unindicted co-conspirators and all
overt acts in furtherance of the conspiracy but not named in the
indictment); See also, *United States vs Mannino*, *480 F. Supp. 1182,
1185 (S.D.N.Y. 1979)* (Ordering bill of particulars with regard to overt
acts).

7.    No matter what the government calls these uncharged bad acts, it is clear
that the defense should have specific notice sufficient to permit
defendants' counsel to investigate the allegations and to prepare
defendant White's defense to them.  The basis for the amendment to Rule
404(b) requiring pretrial notice and the courts' reasoning in **Hubbard** and
**Mannino** require nothing less.

## BRIEF IN SUPPORT

These guarantees (4 (a) to 4 (e) above) will be hopelessly frustrated if defendant
does not receive notice of such evidence until it is offered against him at trial.  *United
States v Baum*, *482F2d 13254 (2nd Cir. 1973)*.

In **Baum**, a conviction for possession of stolen goods was reversed where such a
motion had been denied.  The court stated:

> **Confronted for the first time with the accusation of prior criminal
> conduct and the identity of the accuser, the defendant had little or no
> opportunity to meet the impact of this attack in the midst of trial.**

This precarious predicament was precipitated by the prosecutor.

Id. at 1331.  Similarly, in *Riggs v United States*, *280 F.2d 750, 753 (5th Cir.
1960),* the former Fifth Circuit strongly condemned nondisclosure of a transaction not

3

included in the indictment but "saved to be used as a surprise knockout blow." See also, *United States v Paone*, *782 F.2d 386, 395 (2nd Cir. 1986)*.

This Court, as well as defendant, has a stake in pretrial disclosure of the Government's intention to interject 404(b) evidence into the trial. Admissibility of such evidence ordinarily poses serious questions of law that may delay the proceedings, if litigated during the course of the trial. Moreover, if the government is allowed to admit such evidence during the trial, mid-trial continuances may be necessary in the interest of justice to allow the accused a fair opportunity to meet the evidence. Finally, erroneous admission of such evidence remains a common source of mistrials, appeals and retrials.

Sound judicial administration requires pre-trial notice of the Government's intention to use 404(b) evidence. This pre-trial notice is needed so that the question of admissibility can be resolved before the jury is exposed to voir dire examination and opening statements. See, *United States v. Gray*, *730 F.2d 733 (11th Cir. 1984); see generally*, 2 Weinstein's Evidence 404[a] at 404-13 - 404-14 (1980). In fairness to defendant and to the trial court, defendant's motion should be granted. E.G., *United States v Stofsky*, *409 F.Supp. 609, 620 (S.D.N.Y. 1973); cf.*, *United States v Solomon*, *409 F.Supp. 373 (S.D. GA1980)* [Government voluntarily gave defendant, under Rule 123(d)(1) of the Federal Rules of Criminal Procedure, pre-trial notice of intention to use other crimes evidence].

Additionally, to further enable defendant and this Court to consider the admissibility of any Rule 404(b) evidence in an orderly and intelligent manner, defendant requests that this Court enter an order that the Government provide defendant, within a reasonable time, a list of all such contemplated Rule 404(b)

evidence, including names of witnesses, dates, summaries of expected testimony, and any related documentary evidence.  See, **United States v. Kilroy,** *523F.Supp. 206, 216 (E.D. Wis. 1981).*

Sound judicial administration requires pretrial notice of the intention to use "other crimes" or "bad acts" evidence.  Thus, in fairness to the accused and to this Court, as well as in keeping with Fed.R.Evid. 404(b), the defendants' motion should be granted.

Respectfully submitted this 19th day of October, 2005.

Tyrone White, Defendant

BY:    Electronically signed by
JULIAN L. MCPHILLIPS, JR. (MCP004)
Attorney for Defendant
P.O. Box 64
Montgomery, AL 36101
334-262-1911

OF COUNSEL:
MCPHILLIPS SHINBAUM LLP
516 S. PERRY STREET
MONTGOMERY, AL 36104

## CERTIFICATE OF SERVICE

I hereby certify I have served a copy of the foregoing by placing a copy of same in the United States Postal Service, postage prepaid and properly addressed, and by electronic filing with the Clerk of the Court, to the following address on this the 22nd  day of October, 2005.

Todd Brown
Assistant United States Attorney
Middle District of Alabama
One Court Square, Suite 201
Montgomery, AL 36104

Electronically signed by
JULIAN L. MCPHILLIPS, JR.