IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

UNITED STATES OF AMERICA

v.     CASE NO. **3:05-CR-234-A**

TYRONE WHITE

## MOTION TO DISMISS INDICTMENT FOR SYSTEMATIC UNDERREPRESENTATION OF BLACK AMERICANS IN GRAND JURY

COMES NOW Defendant Tyrone White, pursuant to the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, and respectfully moves this Court, to dismiss the indictment returned against him, and further challenges the composition of the jury venire from which the Grand Jury was selected. As grounds, Mr. White states as follows:

A Grand Jury of the United States Middle District of Alabama returned an indictment against Defendant White on October 4, 2005.

The master list of jurors, from which the Defendant's Grand Jury was selected, is unconstitutionally composed, because it systematically underrepresents the number of black persons that make up the Middle District of Alabama. This underrepresentation of black persons in the jury pool is statistically significant and unreasonable in relation to the number of such persons in the community.

Further, this underrepresentation is part of a history and pattern of discriminatory and systematic exclusion of black persons from jury pools in the Middle District of Alabama.

The pool from which the Grand Jury was selected systematically underrepresented black citizens in proportion to their percentage of the general population of the Middle District of Alabama.

Black persons constitute a cognizable, distinctive class of persons in this community under both state and federal law. Strauder v. West Virginia, 100 U.S. 303 (1879) (black persons).  The exclusion of black persons from the jury pool violates Mr. White's right to a jury comprised of a fair cross-section of the community, Duren v. Missouri, 439 U.S. 357 (1979), and denies him the equal protection of the law. J.E.B. v. Alabama, 511 U.S. 127 (1994); Vasquez v. Hillery, 474 U.S. 254 (1986); Castaneda v. Partida, 430 U.S. 482 (1977).

### REQUEST FOR DISCOVERY

6. In order to obtain and present evidence on this motion, and to litigate these claims adequately, Tyrone White must have access to and copies of all materials and information used for jury selection in the Middle District of Alabama, all of which are in the possession and control of the Clerk of the United States District Court for the Middle District of Alabama.  Mr. White's right to inspect and copy these materials is beyond dispute. Test v. United States, 420 U.S. 28, 30 (1975) (there is an essentially "unqualified right" to inspect jury lists); United States v. Orlando-Figueroa, 229 F.3d 33 (1st Cir. 2000); Government of Canal Zone v. Davis, 592 F2d 887 (5th Cir. 1979); United States v. Causey, No. H-040025, 2004 WL 1243912 (S.D. Tex. May 25, 2004).

WHEREFORE, Mr. White respectfully requests that this Court:

(a) Order the Clerk of the United States District Court for the Middle District of Alabama, or officials in control or possession of such information, to make available

to Mr. White all information and materials necessary to an adequate and complete determination of the validity of this challenge to the Grand Jury, including, but not limited to:

>   (i)   Lists of the Middle District of Alabama petit jury pool members, from and including 1999 through 2005, with data revealing each member's race;
>
>   (ii)  A list of the Middle District of Alabama Jury Commissioners (Clerks), from and including 1999 through 2005, with data revealing each commissioner's age, race, and gender; and,
>
>   (iii) All information, materials, memoranda, and reports concerning the jury selection process, including, but not limited to, jury questionnaires, source lists, and venire lists.

(b)   Schedule this motion for an evidentiary hearing where additional facts may be presented in support of this claim;

(c)   Dismiss the indictment returned against Defendant White because of the unconstitutional composition of the Grand Jury; and

(d)   Order such other relief as is necessary and proper in light of the evidence presented at the hearing on this motion.

RESPECTFULLY SUBMITTED this 28th day of October 2005.

                                    TYRONE WHITE
                                    Defendant

                                    /s/ Julian L. McPhillips, Jr.
                                    BY: JULIAN L. McPHILLIPS, JR.
                                    Attorney for Defendant
                                    Alabama Bar No. MCP004
                                    Post Office Box 64

          Montgomery, Alabama 36101
          (334) 262-1911

OF COUNSEL:
McPHILLIPS SHINBAUM, LLP
516 South Perry Street
Montgomery, Alabama 36104
(334) 262-1911

## CERTIFICATE OF SERVICE

I certify that, on this date, I have served a copy of the foregoing upon the Government by electronic filing, and by mailing an additional courtesy copy of same to the Government's attorneys at the addresses below:

    Todd A. Brown
    Assistant United States Attorney
    One Court Square, Room 201
    Post Office Box 197
    Montgomery, Alabama 36101

          /s/ Julian L. McPhillips, Jr.
          BY: JULIAN L. McPHILLIPS, JR.
          Attorney for Defendant