IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

UNITED STATES OF AMERICA

v.                                                                          CASE NO. **3:05-CR-234-A**

TYRONE WHITE

**MOTION CHALLENGING THE COMPOSITION OF THE PETIT JURY
FOR SYSTEMATIC UNDERREPRESENTATION OF BLACK AMERICANS**

COMES NOW Defendant Tyrone White, pursuant to the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, and respectfully moves this Court, to strike the jury venire being summoned, and order that a new venire be summoned from a master jury list that adequately represents black persons. In support of this motion, Mr. White submits the following:

Mr. White is before the Court on an indictment returned on October 4, 2005, by a grand jury of the United States Middle District of Alabama.

The master list of jurors, from which the Defendant's Petit Jury will be selected, is unconstitutionally composed, because it systematically underrepresents the number of black persons that make up the Middle District of Alabama. This underrepresentation of black persons in the jury pool is statistically significant and unreasonable in relation to the number of such persons in the community. Further, there is a history and pattern of discriminatory and systematic exclusion of such groups from jury pools in the Middle District of Alabama.

Forty percent of the population in the Middle District of Alabama is black. The

grand jury that indicted Tyrone White was selected from a jury pool which systematically underrepresented blacks. The exclusion of black persons from jury pools violates Mr. White's federal Constitutional rights. Duren v. Missouri, 439 U.S. 357 (1979); Castaneda v. Partida, 430 U.S. 482 (1977).

4.     The jury pool in this case contained a much smaller percentage of black citizens than the general population of the Middle District of Alabama. The absolute disparity between the percentage of blacks in the community and the pool is constitutionally significant. Swain v. Alabama, 380 U.S. 202 (1965); Hernandez v. Texas, 347 U.S. 475 (1954); United States v. Grisham, 63 F.3d 1074 (11th Cir. 1995); Ross v. Kemp, 785 F.2d 1467 (11th Cir. 1986).

5.     Black persons constitute a cognizable, distinctive class of persons in this community under both state and federal law. Strauder v. West Virginia, 100 U.S. 303 (1879) (black persons). The exclusion of African-Americans from the jury pools violates Mr. White's right to a jury comprised of a fair cross- section of the community, Duren v. Missouri, 439 U.S. 357 (1979), and denies him the equal protection of the law. J.E.B. v. Alabama, 511 U.S. 127 (1994); Vasquez v. Hillery, 474 U.S. 254 (1986); Castaneda v. Partida, 430 U.S. 482 (1977). Underrepresentation of black persons violates the United States Constitution.

## REQUEST FOR DISCOVERY

6.     In order to obtain and present evidence on this motion, and to litigate these claims adequately, Tyrone White must have access to and copies of all materials and information used for jury selection in the Middle District of Alabama, all of which are in the possession and control of the Clerk of the United States District Court for the Middle

District of Alabama. Mr. White's right to inspect and copy these materials is beyond dispute. Test v. United States, 420 U.S. 28, 30 (1975) (there is an essentially "unqualified right" to inspect jury lists); United States v. Orlando-Figueroa, 229 F.3d 33 (1st Cir. 2000); Government of Canal Zone v. Davis, 592 F2d 887 (5th Cir. 1979); United States v. Causey, No. H-040025, 2004 WL 1243912 (S.D. Tex. May 25, 2004).

WHEREFORE, Mr. White respectfully moves that this Court:

(a) Order the Clerk of the United States District Court for the Middle District of Alabama, or officials in control or possession of such information, to make available to Mr. White all information and materials necessary to an adequate and complete determination of the validity of this challenge to the petit jury, including, but not limited to:

(i) Lists of the Middle District of Alabama petit jury pool members, from and including 1999 through 2005, with data revealing each member's race;

(ii) A list of the Middle District of Alabama Jury Commissioners (Clerks), from and including 1999 through 2005, with data revealing each commissioner's age, race, and gender; and,

(iii) All information, materials, memoranda, and reports concerning the jury selection process, including, but not limited to, jury questionnaires, source lists, and venire lists.

(b) Schedule this motion for an evidentiary hearing where additional facts may be presented in support of this claim;

(c) Order that the petit jury, drawn from a master jury list which

underrepresents black persons, be stricken;

  (d) Order the compilation of a new jury venire, drawn from a pool comprised of a fair cross-section of the community; and

  (e) Order such other relief as is necessary and proper in light of the evidence presented at the hearing on this motion.

  RESPECTFULLY SUBMITTED this 28th day of October 2005.

            TYRONE WHITE
            Defendant

            /s/ Julian L. McPhillips, Jr.
            BY: JULIAN L. McPHILLIPS, JR.
            Attorney for Defendant
            Alabama Bar No. MCP004
            Post Office Box 64
            Montgomery, Alabama 36101
            (334) 262-1911

OF COUNSEL:
McPHILLIPS SHINBAUM, LLP
516 South Perry Street
Montgomery, Alabama 36104
(334) 262-1911

## CERTIFICATE OF SERVICE

  I certify that, on this date, I have served a copy of the foregoing upon the Government by electronic filing, and by mailing an additional courtesy copy of same to the Government's attorneys at the addresses below:

    Todd A. Brown
    Assistant United States Attorney
    One Court Square, Room 201
    Post Office Box 197
    Montgomery, Alabama 36101

            /s/ Julian L. McPhillips, Jr.
            BY: JULIAN L. McPHILLIPS, JR.
            Attorney for Defendant

Case 3:05-cr-00234-WHA-WC    Document 29    Filed 10/28/2005    Page 5 of 5