IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CR. NO: 3:05-CR-0234-A |
| ) | |
| TYRONE WHITE ) | |

## RESPONSE TO COURT ORDER

COMES NOW the United States of America, by and through Leura Garrett Canary, United States Attorney for the Middle District of Alabama, and files the instant response to this Court's Order (doc. #32) to file response(s) to motions by the defendant ("White"), as follows:

1. On October 28, 2005, the defendant ("White") filed a Motion to Dismiss Indictment for Systematic Underrepresentation of Black Americans in Grand Jury (doc. #28); a Motion Challenging the Composition of the Petit Jury for Systematic Underrepresentation of Black Americans (doc. #29); and, a Motion for Inspection and Copying of Jury System Records (doc. #30)[1].

## DISCOVERY ISSUE

2. In each of the above-referenced motions, White seeks an order from this Court to have access to and copies of "materials and information used for jury selection in the Middle District of Alabama." (doc. #28, ¶ 6; doc. #29, ¶ 6; doc. #30, 4(a)). Specifically, White seeks "all records" pertaining to the jury selection system in the Middle District; an explanation of "computer programming and hardware used to maintain jury lists, summon jurors, and perform

---

[1] White also filed a second Motion for Inspection and Copying of Jury System Records (doc. #31). This Motion and the previously filed Motion, appear to be identical. It appears White filed the second Motion–doc. #31–unintentionally. This Court appears to have come to the same conclusion, as it states in its Order that the second motion was an apparent duplicate docketing. The United States will address the first Motion–doc. #30–but, will not refer to doc. #31. The United States respectfully requests that its position be noted for both Motions.

other pertinent tasks;" and copies of "any records, programming and data used in the jury selection process, to maintain the master lists, summon jurors, and so forth." (doc. #30, ¶¶4(a)-(c)).

    3. "The contents of records or papers used by the jury commission or clerk in connection with the jury selection process shall not be disclosed, except pursuant to the district court plan or as may be necessary in preparation or presentation of a motion under subsection (a), (b), or (c) of this section..." 28 U.S.C. §1867(f). "This provision makes clear that a litigant has essentially an unqualified right to inspect the jury lists." Test v. United States, 420 U.S. 28, 30 (1975). Such right of inspection is required not only by the plain text of the statute, but by the statute's overall purpose of ensuring grand and petit juries selected at random from a fair cross section of the community. Id.

    4. Because it is White's burden to make a prima facie showing that the jury selection process violated the fair cross-section requirement of the Sixth Amendment; the equal protection component of the Fifth and Fourteenth Amendments; and, the provisions of the Jury Selection and Service Act of 1968, he is entitled to inspect information related to the jury selection process. Duren v. Missouri, 439 U.S. 357 (1979); Cunningham v. Zant, 928 F.2d 1006 (11th Cir. 1991); 28 U.S.C. 1861, *et seq*. While the government agrees that the defendant is entitled to some discovery regarding his jury selection claim, such discovery should be narrowly tailored to the issue before the court, namely, whether African Americans were "systematically underrepresented." Other information in the possession of the clerk's office, such as personal information, should be excluded from White's review.

**SUBSTANTIVE ISSUE**

5. "Challenges to the jury selection process may be based on the fair cross-section requirement of the Sixth Amendment, the equal protection component of the Fifth Amendment, or a substantial failure to comply with the provisions of the [Jury Selection and Service] Act." United States v. Girsham, 63 F.3d 1074, 1077 (11th Cir. 1995) (internal citations omitted). In order to proceed with such claims, White must make a prima facie case for each challenge. Id. at 1078, 1081; United States v. Maskeny, 609 F.2d 183, 191 (5th Cir. 1980)[2]; 28 U.S.C. 1867(d). White has failed to make such a showing for any of the above-referenced challenges. Accordingly, and until White can make such a showing,[3] White's Motions to dismiss the indictment (docs. #28, 29) are due to be denied.

Respectfully submitted this the 3rd day of November, 2005.

                                        LEURA GARRETT CANARY
                                        UNITED STATES ATTORNEY

                                        /s/ Todd A. Brown
                                        TODD A. BROWN
                                        Assistant United States Attorney
                                        Post Office Box 197
                                        Montgomery, Alabama 36101-0197
                                        (334) 223-7280
                                        (334) 223-7135 fax
                                        ASB-1901-O64T
                                        Todd.Brown@usdoj.gov

---

[2] In Bonner v. City of Pritchard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

[3] The United States is aware that White must have access to information regarding the jury selection process in order to meet his evidentiary burden. Should White be able to meet that burden, it would be then where a motion to dismiss, or to otherwise challenge the venire, would be appropriate. White's motions, with the exception of the discovery requests therein, are premature.

**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| v. | )   CR. NO: 3:05-CR-0234-A |
| | ) |
| **TYRONE WHITE** | ) |

**CERTIFICATE OF SERVICE**

    I hereby certify that on November 3, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Julian McPhillips, Esquire.

                                            Respectfully submitted,

                                            LEURA GARRETT CANARY
                                            UNITED STATES ATTORNEY

                                            /s/ Todd A. Brown
                                            TODD A. BROWN
                                            Assistant United States Attorney
                                            Post Office Box 197
                                            Montgomery, Alabama 36101-0197
                                            (334) 223-7280
                                            (334) 223-7135 fax
                                            ASB-1901-O64T
                                            Todd.Brown@usdoj.gov