IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| vs. ) | CR. NO. 3:05cr234-A |
| TYRONE WHITE ) | |

## **ORDER**

This case is presently pending on numerous pretrial motions, including a Motion to Dismiss Indictment and for Sanctions (Doc. #39), filed on November 16, 2005, in which the Defendant requests oral argument before the District Judge.

The Defendant was arraigned on October 19, 2005, and on October 21, 2005, an Order on Arraignment (Doc. #20) was entered setting this case for trial during the term of court commencing December 5, 2005, scheduling a pretrial conference before the Magistrate Judge for November 16, 2005, the purpose of which was stated to include a discussion of all pending motions, and setting November 10, 2005, as the deadline for pretrial motions.

On November 10, 2005, the Defendant filed a Request for an Extension as to Deadlines (Doc. #36), in which the Defendant requested the court to extend the deadline for Pretrial Motions and Conference for an additional ten days. In response to that motion, the Magistrate Judge entered an order (Doc. #37) granting the motion to the extent that both the deadline for filing pretrial motions and the scheduled pretrial conference were extended and continued to Monday, November 21, 2005, at 3:00 p.m. Since that time, the Defendant has filed numerous pretrial motions, including challenges to the composition of both the grand jury and the petit jury based on under-representation of black Americans and a discovery motion as to such challenge.

Defendant insists that all of these motions must be fully resolved before the current trial date of December 5, 2005.

There are currently 35 cases pending on the December 5, 2005 trial docket, 32 of which are ahead of this case in the standard setting of cases numerically by case number. Many of the Defendants in cases ahead of this one are in pretrial detention, and several of the Defendants had timely-filed motions to suppress which have required evidentiary hearings, recommendations, and final determination by the district court after the filing of objections. Three such cases are still pending for resolution of objections to recommendations before the upcoming trial term. To single this case out for preferential treatment ahead of other cases would not only be unfair to other Defendants, but would be highly disruptive to the orderly operation of the court. This is particularly true since the filing of pretrial motions in this case was delayed specifically at the request of the Defendant.

In addition to Defendant's numerous pretrial motions, the record reflects the filing of a Superseding Indictment on November 15, 2005, which alleges a violation of 18 U.S.C. § 1512(b)(3) not included in the original eight-count indictment (Doc. #43), and a Summons for the Defendant's appearance for arraignment on November 30, just five days before the presently scheduled trial (Doc. #45).

The Defendant is guaranteed a speedy trial, both by the Constitution and by the Speedy Trial Act, 18 U.S.C. § 3161. Congress has recognized, however, the importance of pretrial motions being handled in a deliberative, as well as an expeditious, manner by providing in 18 U.S.C. § 3161(h)(1)(F) that "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other disposition of, such motion," shall be

excluded in computing the time within which a trial must commence.  Therefore, this court has determined that a continuance of the trial of this case is made necessary by the numerous and complex pretrial motions filed by the Defendant after being granted his request for a delay in doing so, in order to allow a full and adequate consideration and a deliberate determination of the motions, to avoid prejudice to other Defendants whose matters also require time and attention of the court, and to avoid complete disruption of the orderly administration of the court.

As to Defendant's request for oral argument before a District Judge of his Motion to Dismiss Indictment and for Sanctions, it has long been the practice in this district for its Magistrate Judges to handle initially all pretrial motions, and no compelling reason having been shown for abandoning this court's orderly procedures for a different handling in this case, such practice will be adhered to.

For the reasons stated above, it is hereby ORDERED as follows:

1. Defendant's request for oral argument before the District Judge on his Motion to Dismiss Indictment and for Sanctions (Doc. #39) is DENIED.

2. Defendant's Motion for Review of Order by Magistrate Judge (Doc. #47) is GRANTED as to reviewing the Order (Doc. #42).  Having reviewed the Order, Defendant's objection is OVERRULED, and the Order is AFFIRMED.

3. All pending motions (Doc. Nos. 28, 29, 30, 34, 39, 40, 41, 48 and 49) are duly referred to the Magistrate Judge for recommendation or other appropriate pretrial disposition and shall be considered preliminarily either at the pretrial conference scheduled for November 21, 2005, or at such other time or times as the Magistrate Judge determines to be appropriate.

    4.  This case is CONTINUED from the term of court commencing December 5, 2005, with a new trial date to be set after final determination of all pretrial motions.

    DONE this 17th day of November, 2005.

                                      <u>/s/ W. Harold Albritton</u>
                                      W. HAROLD ALBRITTON
                                      SENIOR UNITED STATES DISTRICT JUDGE