IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITES STATES OF AMERICA ) | |
| ) | CASE NO. 3:05-CR-234-A |
| v. ) | |
| ) | |
| TYRONE WHITE ) | |

**RESPONSE TO GOVERNMENT'S MOTION FOR PROTECTIVE ORDER**

COMES NOW the Defendant, Tyrone White, by and through his undersigned counsel, and responds to the Government's *Motion for Protective Order* (Doc. 34), as follows:

1. There is no need for a "Gag Order" in this case. This matter has been widely publicized from its inception. If the jury venire were going to be affected by publicity, then any effect has already occurred. Any issue about the jury venire in this regard, can and should be resolved by careful voir dire and limiting instructions, where appropriate.

2. Furthermore, most of the media coverage in this case has been in the Auburn-Opelika area, but the trial will occur here, in Montgomery. Also, the jury venire will be drawn from the entire Middle District of Alabama. Therefore, plenty of perspective jurors will have not had any exposure, whatsoever, to the news coverage of this case.

3. Also, the vast majority of the information released to the media, can be found in the documents filed in the public court file. The government itself admits to issuing a press release to the media about this case (Doc. 34, Para. 7).

4. In addition to being irrelevant, the Government misrepresents the true facts, perhaps inadvertently, when it states that the undersigned contacted a television reporter, "*asking the reporter to interview McPhillips for the purpose of McPhillips' publicly describing [Defendant George David Salum]'s 'side of the story.' Subsequent to the granting of the motion for*

*protective ("gag") order, a local television aired an interview with McPhillips who, despite the order, gave information surrounding that case."* (Doc. 34, Para. 3). The government need only to have read the Defendant's Response to Government's Motion for Protective Order in the Salum matter, to know that Chris Holmes, the television reporter in question, approached the undersigned, and not vice versa. Further, there was no "Gag" Order in place at the time of the interview. In fact, the Defendant did not even receive the Government's Motion for Protective "Gag" Order until after the interview had already occurred. Obviously, Mr. Brown cannot know what took place *in camera* with Chief Judge Mark Fuller, but it is wholly inappropriate for the Assistant United States Attorney in this case to mischaracterize the facts of another case to somehow support his motion here.

5. In any event, a decision to Order prior restraint on free speech is very fact-specific, and must be decided on a case-by-case basis. The facts of the Salum matter are entirely irrelevant to this motion, and should properly be disregarded by this Court. As this Court knows, each case is unique, but there is precedence for this Court to decline to issue a "Gag" Order, even in a high-profile criminal matter. For instance, in the recent federal criminal trial, United States v. Scrushy, 366 F. Supp. 2d 1134 (D. Ala. 2005), the United States District Court in Birmingham allowed lawyers for both the defense and prosecution to make daily public statements to the broadcast and print media, outside the courthouse, following the day's proceedings, even though the jury in that case was unsequestered the entire five-month length of that trial, and could easily go home unsupervised at night and listen to television or radio broadcasts, or read the Birmingham News, in the privacy of their own homes. Of course, the court instructions were to the contrary, but there was no way to enforce or regulate any such a restriction. That prominent case, therefore, set some precedent for the federal district courts of Alabama.

6. Finally, there are serious First Amendment free speech protections at issue here. These freedoms can be challenged, if not violated, whenever a court imposes a gag order on out-of-court statements about a subject matter of public concern. Surely, a federal criminal felony charge of extortion and obstruction of justice rises to the level of public concern, under standards of <u>Connick v. Myers</u>, 461 U.S. 138 (1983), and its progeny.

WHEREFORE, above premises considered, the undersigned prays that this Honorable Court will DENY the Government's Motion for Protective ("Gag") Order in this case.

RESPECTFULLY SUBMITTED this 21st day of November 2005,

          TYRONE WHITE
          Defendant

          /s/ Julian L. McPhillips, Jr.
          JULIAN L. McPHILLIPS, JR.
          Attorney for Defendant
          Alabama Bar No. MCP004
          McPhillips Shinbaum, LLP
          P.O. Box 64
          Montgomery, AL 36101
          (334) 262-1911

## CERTIFICATE OF SERVICE

I certify that, on this date, I have served a copy of the foregoing upon the Government by electronic filing, and by mailing an additional courtesy copy of same to the Government's attorneys at the addresses below:

    Todd A. Brown
    Assistant United States Attorney
    One Court Square, Room 201
    P.O. Box 197
    Montgomery, Alabama 36101

          /s/ Julian L. McPhillips, Jr.
          JULIAN L. McPHILLIPS, JR.
          Attorney for Defendant