IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| v. | ) | CR. NO. <u>3:05-CR-0234-A</u> |
| | ) | |
| | ) | |
| **TYRONE WHITE** | ) | |

**GOVERNMENT'S MOTION FOR DETENTION HEARING**

Comes now the United States of America, by and through Leura Garrett Canary, United States Attorney for the Middle District of Alabama, and pursuant to 18 U.S.C. 3142(e) and (f) moves for a detention hearing for the above-captioned defendant ("White").

1. <u>Eligibility of Case</u>

This case is eligible for a detention order because it involves a serious risk that White will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness. Count 9 of the superseding indictment specifically charges White with intimidating a witness. (Doc. 43).

2. <u>Reason For Detention</u>

The Court should detain White because no condition or combination of conditions will reasonably assure the safety of any other person and the community.

3. <u>Facts</u>

a. On October 4, 2005, a federal grand jury seated in this district indicted White, previously an Auburn, Alabama, police officer, on eight counts of violations of the Hobbs Act for illegally accepting money in exchange for improperly disposing cases before the Auburn

Municipal Court. On October 6, 2005, the United States contacted the White's attorney, Julian McPhillips, Jr. ("McPhillips"). During the conversation with McPhillips, the United States agreed to not seek to detain White in exchange for White's agreement to electronic monitoring. This agreement, as in a plea agreement, is a binding contract. See United States v. Howle, 166 F.3d 1166, 1168 (11th Cir. 1999) (A plea agreement is, in essence, a contract between the Government and a criminal defendant).

  b. On November 18, 2005, White breached this agreement, for a second time,[1] by filing a motion to remove the electronic monitoring condition from his conditions of supervised release.

  c. Prior to indictment, on September 29, 2005, White, McPhillips, McPhillips' assistant Sim Pettway (Pettway), and a defense investigator, Billy Smith, met with agents of the FBI, the Auburn Police Department, and the U.S. Attorney's office. White did not enter the conference room during the course of the meeting. During this meeting, White's representatives produced a digital recording made by White. In this recording, White was heard screaming at a government witness, directing him to recant his earlier statements to law enforcement, and stating "I know where you live and I know where your mother lives," among other intimidating statements.

  d. During the course of the investigation of this matter, several witnesses gave information inculpating White. On October 18 and 19, 2005, three of these witnesses gave sworn affidavits recanting their earlier testimony. See Doc. 39, Exhibits A-C. Two of these witnesses completely rescinded sworn grand jury testimony, thus subjecting themselves to federal perjury charges. See 18 U.S.C. § 1623. All three subjected themselves to federal false

---

[1] On October 12, 2005, White filed a motion to lift the electronic monitoring condition, thus breaching the agreement with the United States. (Doc. 9). On October 18, 2005, this Court set the matter for a detention hearing. (Doc. 13). On October 25, 2005, White withdrew his motion

statement charges. See 18 U.S.C. 1001. Because these witnesses recanted their testimony in the face of a potential five year federal prison sentence (See 18 U.S.C. §§ 1623(a), 1001(a)), it is the position of the United States that White, or his associates, contacted these witnesses and intimidated them, in a manner consistent with the previously recorded conversation between White and the government witness. White's contention is that these witnesses were coerced by threats of incarceration by law enforcement to give false testimony before the grand jury or false statements to law enforcement. However, the penalty for committing perjury or giving a false statement (up to five years imprisonment) is exponentially greater than the alleged period in jail law enforcement supposedly threatened them with (a few days in the county jail). See Doc. 39, Exhibits A, C.[2] It is illogical to believe, that absent outside influences, these witnesses would rather spend up to 5 years in federal prison by lying to a federal grand jury, than to spend a few days in a local jail based on alleged police coercion.

  e. All of the affidavits attached in White's Motion to Dismiss Indictment and for Sanctions (Doc. 39) are dated after this Court ordered on October 7, 2005, that White have no contact with witnesses. The change in testimony of witnesses indicates that White failed to abide by this condition of release.

  f. On November 21, 2005, White was before this Court for a pretrial conference on the instant cause. Even in that open forum, White blatantly defied a previous condition of this Court

---

and the current conditions of supervision, including electronic monitoring and not having contact with witnesses, remained in place.

[2] Jerry Stinson, in his sworn affidavit complains that law enforcement coerced him into giving false testimony by threatening him with incarcerating him in the Lee County jail for failing to pay fines incurred in misdemeanor (i.e., convictions for which maximum incarceration are less than one year) convictions (reckless driving, driving with a suspended license, resisting arrest, and possessing a pistol without a permit). See Doc. 39, Exh. A, ¶¶ 3-4. Mitchell Giles, claims he gave false testimony to avoid spending the "weekend in jail." Doc. 39, Exh. C, ¶ 13.

when he openly had contact with a potential witness, Adam Floyd. Floyd, present in the courtroom and accompanying White, was known to be a witness as stated in the affidavit accompanying White's Motion to Dismiss Indictment and for Sanctions (Doc. 39). See Doc. 39, Exhibit H (stating Floyd was approached by the FBI, that he was subpoenaed, and that he was required to come to this Court before a seated grand jury).

    4. The Government requests leave of Court to file a supplemental motion with additional grounds or presumption for detention should this be necessary.

    Respectfully submitted this the 22nd day of November, 2005.

                                  LEURA GARRETT CANARY
                                  UNITED STATES ATTORNEY

                                  /s/ Todd A. Brown
                                  TODD A. BROWN
                                  Assistant United States Attorney
                                  Post Office Box 197
                                  Montgomery, Alabama 36101-0197
                                  (334) 223-7280
                                  (334) 223-7135 fax
                                  ASB-1901-O64T
                                  Todd.Brown@usdoj.gov

# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| v. | ) | CR. NO. **3:05-CR-0234-A** |
| | ) | |
| | ) | |
| **TYRONE WHITE** | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Julian McPhillips, Esq..

    Respectfully submitted,

    LEURA GARRETT CANARY
    UNITED STATES ATTORNEY

    /s/ Todd A. Brown
    TODD A. BROWN
    Assistant United States Attorney
    Post Office Box 197
    Montgomery, Alabama 36101-0197
    (334) 223-7280
    (334) 223-7135 fax
    ASB-1901-O64T
    Todd.Brown@usdoj.gov