IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.          ) | CR. NO: 3:05-CR-0234-A |
| ) | |
| TYRONE WHITE ) | |

**RESPONSE TO DEFENDANT'S
MOTION TO DISMISS MULTIPLICATIVE COUNT**

COMES NOW the United States of America, by and through Leura Garrett Canary, United States Attorney for the Middle District of Alabama, and files the instant response to Defendant's Motion to Dismiss Multiplicative Count (doc. #40) as follows:

1. On November 16, 2005, the defendant ("White") filed a Motion to Dismiss Multiplicative Count. In that motion, White alleges that Counts 6 and 7 of the Superseding Indictment are "identical, except for the additional words 'and accepted' before the word 'money' in Count 6 [and t]he time frames for Counts 6 and 7 are stated differently." Def. Mot. at ¶¶ 3, 4.

2. "An indictment is multiplicitous if it charges the same offense in more than one count." United States v. De Le Mata, 266 F.3d 1275, 1288 (11 Cir. 2001), n. 12. "In order to avoid multiplicity, only one fact or element need be different between each charge." United States v. Costa, 947 F.2d 919, 926 (11th Cir. 1991).

3. Contrary to White's allegation, Counts 6 and 7 are not based on the same transaction. See Def. Mot. at ¶ 5. In fact, the differences in Counts 6 and 7, pointed out by White, are significant in that they establish different facts between the two counts. Def. Mot. at ¶¶ 3, 4. First, the United States will introduce evidence at trial that the incidents alleged in Counts 6 and 7 occurred on two separate occasions (thus "the time frames for Counts 6 and 7 are stated differently"). Second, the United States will introduce evidence at trial that, in regards to the

incident in Count 6, White accepted payment for obtaining favorable treatment in a separate municipal court case, for the person identified as JW within the indictment. The United States will further introduce evidence at trial that, in regards to the incident in Count 7, on a different occasion from that identified in Count 6, White demanded payment for obtaining favorable treatment in a municipal court case for that same person. Accordingly, as pointed out by White himself, there is a different fact between Counts 6 and 7, thus these counts are not multiplicitous. <u>Costa</u>, *supra*.

4. Based on the foregoing, the United States respectfully requests White's Motion to Dismiss Multiplicative Count be denied.

Respectfully submitted this the 29th day of November, 2005.

                LEURA GARRETT CANARY
                UNITED STATES ATTORNEY

                /s/ Todd A. Brown
                TODD A. BROWN
                Assistant United States Attorney
                Post Office Box 197
                Montgomery, Alabama 36101-0197
                (334) 223-7280
                (334) 223-7135 fax
                ASB-1901-O64T
                Todd.Brown@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| v. | )   CR. NO: 3:05-CR-0234-A |
| | ) |
| **TYRONE WHITE** | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on November 29, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Julian McPhillips, Esquire.

Respectfully submitted,

LEURA GARRETT CANARY
UNITED STATES ATTORNEY

/s/ Todd A. Brown
TODD A. BROWN
Assistant United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197
(334) 223-7280
(334) 223-7135 fax
ASB-1901-O64T
Todd.Brown@usdoj.gov

3