UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v | ) | 3:05-CR-234-A |
| | ) | |
| | ) | |
| TYRONE WHITE | ) | |

**ORDER ON MOTION**

**For good cause, it is ORDERED that the ORDER entered November 29, 2005 (Doc.69) in response to the Defendant's *Motion for Clarification* (Doc. 67, Nov. 23, 2005) is hereby VACATED.**

*Upon re-consideration after consultation with the assigned pretrial services officer and review of all previous orders related to the defendant's conditions of release, it is*

**ORDERED** as follows:

1. Defendant's *Motion for Clarification* (Doc. 67, Nov. 23, 2005) is GRANTED to the extent of its request for clarification of defendant's status on electronic monitoring.

2. The requested clarification is now provided:

    a. *Condition (t)* on the standard Order setting conditions of release describes three types of "home confinement program components", each requiring the defendant to "abide by all the requirements of the program which will include electronic monitoring or other location verification system."

    b. Prior to the detention hearing on November 22, 2005, the defendant was placed on a program of electronic monitoring described as home incarceration /*condition (t)*

*(iii)* on the ORDER entered October 7, 2005 (Doc. 7).

      c.  At the conclusion of the detention hearing on November 22, the court entered an order confirming its decision to remove defendant from the electronic monitoring program described as home incarceration and, instead, to place him on *condition( t)(ii) home detention*, which restricts him to his residence "at all times except for employment; education; religious services; other activities as approved by the pretrial service office or supervising officer; of [his] child's transportation to and from school."

      d.  Because both *condition (t) (iii) [home incarceration]* and *condition (t) (ii) [home detention]* constitute "home confinement program components" which "include electronic monitoring or other location verification system", the court's ORDER filed November 23, 2005 (Doc. 62) is hereby AMENDED to clarify

> *(a)* that *Defendant's Renewed Motion to Modify Terms of Release* (Doc. 54, Nov. 18, 2005) is GRANTED to the extent of its request that the defendant be released from the home confinement/electronic monitoring program previously imposed as condition (t)(iii) home incarceration; and

> *(b)* that the "home detention" program described in the ORDER is a reference to the *condition (t) (ii) home detention* program described on the conditions of release order filed November 22, 2005 (Doc. 64), a program which requires "electronic monitoring or other location verification system."

DONE THIS 29TH DAY OF NOVEMBER, 2005.

                                      **/s/ Delores R. Boyd**
                                      DELORES R. BOYD
                                      UNITED STATES MAGISTRATE JUDGE