IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITES STATES OF AMERICA ) | |
| ) | CASE NO. 3:05-CR-234-A |
| v. ) | |
| ) | |
| TYRONE WHITE ) | |

### DEFENDANT'S THIRD MOTION TO DISMISS INDICTMENT

COMES NOW Defendant Tyrone White, pursuant to the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, and hereby challenges the composition of the jury venire from which his grand juries were selected, and respectfully moves this Court to dismiss the indictments returned against him, stating:

1. On October 4, 2005, a grand jury, seated in this district, returned the original *Indictment* in this case (Doc. 1). Subsequently, another grand jury returned an indictment on a charge, which was included in the *Superceding Indictment* (Doc. 43), filed herein on November 15, 2005.

2. In its Order on Motions (Doc. 61), this Court denied, as mooted, the defendant's *Motion to Dismiss Indictment for Systematic Underrepresentation of Black Americans in Grand Jury* (Doc. 28); *Motion Challenging the Composition of the Petit Jury for Systematic Underrepresentation of Black Americans* (Doc. 29); and *Motion for Inspection and Copying of Jury System Records* (Doc. 30). The Court denied these motions without prejudice, permitting the defendant to refile by November 30, 2005, "*provided that* (a) such motions are timely with respect to the substantive claim and requested remedy and also properly supported; and (b) discovery motions are filed separately and not included in the text of the substantive motion as a request for discovery."

3.      The substantive claim of this motion is that African Americans were systematically underrepresented in both grand juries returning indictments in this case. The proper remedy is dismissal of the indictments. The indictment cannot be dismissed after trial has commenced, thus clearly, this motion is timely with respect to both the substantive claim and requested remedy.

4.      The defendant's grand jury was selected from a master list of jurors which was unconstitutionally composed. The master list systematically underrepresents the number of African Americans who are eligible for jury service in the Middle District of Alabama. This underrepresentation of African Americans in jury pools is statistically significant and unreasonable in relation to the number of such persons in the community who are eligible to serve. Further, this underrepresentation is part of a history and pattern of discriminatory and systematic exclusion of African Americans from jury pools in the Middle District of Alabama.

5.      It is well established that African Americans constitute a cognizable, distinctive class of persons in this community under both state and federal law. Strauder v. West Virginia, 100 U.S. 303 (1879) (black persons). The exclusion of African Americans from the jury pools violates the defendant's right to a jury comprised of a fair cross-section of the community, Duren v. Missouri, 439 U.S. 357 (1979), and denies the defendant equal protection under the law. J.E.B. v. Alabama, 511 U.S. 127 (1994); Vasquez v. Hillery, 474 U.S. 254 (1986); Castaneda v. Partida, 430 U.S. 482 (1977).

WHEREFORE, above premises considered, the defendant respectfully requests that this Court DISMISS the Indictments returned against him due to the unconstitutional composition of the grand juries seated herein.

RESPECTFULLY SUBMITTED this 28th day of November 2005,

        TYRONE WHITE
        Defendant

        /s/ Julian L. McPhillips, Jr.
        JULIAN L. McPHILLIPS, JR.
        Attorney for Defendant
        Alabama Bar No. MCP004
        McPhillips Shinbaum, LLP
        Post Office Box 64
        Montgomery, AL 36101
        (334) 262-1911

## CERTIFICATE OF SERVICE

I certify that, on this date, I have served a copy of the foregoing upon the Government by electronic filing, and by mailing an additional courtesy copy of same to:

    Todd A. Brown
    Assistant United States Attorney
    Post Office Box 197
    Montgomery, AL 36101

        /s/ Julian L. McPhillips, Jr.
        JULIAN L. McPHILLIPS, JR.
        Attorney for Defendant