IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITES STATES OF AMERICA ) | |
| ) | CASE NO. 3:05-CR-234-A |
| v. ) | |
| ) | |
| TYRONE WHITE ) | |

**DEFENDANT'S SECOND MOTION CHALLENGING
PETIT JURY VENIRE COMPOSITION**

COMES NOW Defendant Tyrone White, pursuant to the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, and hereby challenges the composition of the jury venire from which his petit jury will be selected, and respectfully moves this court to strike the jury venire being summoned, and order that a new venire be summoned from a master jury list that adequately represents African Americans, stating:

1. The defendant faces trial on the charges set forth in the *Superceding Indictment* (Doc. 43), filed herein on November 15, 2005, which incorporates the charges set forth in the original *Indictment* (Doc. 1), filed herein on October 4, 2005.

2. In its Order on Motions (Doc. 61), this Court denied, as mooted, the defendant's *Motion to Dismiss Indictment for Systematic Underrepresentation of Black Americans in Grand Jury* (Doc. 28); *Motion Challenging the Composition of the Petit Jury for Systematic Underrepresentation of Black Americans* (Doc. 29); and *Motion for Inspection and Copying of Jury System Records* (Doc. 30). The Court denied these motions without prejudice, permitting the defendant to refile by November 30, 2005, "*provided that* (a) such motions are timely with respect to the substantive claim and requested remedy and also properly supported; and (b) discovery motions are filed separately and not included in the text of the substantive motion as a

request for discovery."

3. The substantive claim of this motion is that African Americans are systematically underrepresented in all jury venires assembled in this district. The proper remedy is to strike the jury venire being summoned, and order that a new venire be summoned from a master jury list that adequately represents African Americans. The practice in this district is for juror lists to be released at 3:00 p.m. the Friday before trial is set to begin. Challenging the jury venire at that time creates a high likelihood that this defendant's trial will not proceed as scheduled, due to additional need for discovery and preparation to adequately argue the jury challenge. By the time this additional work can be completed, the term of jury in question could very well be over, necessitating another challenge with a new jury. Thus, if this defendant were to be required to wait until the eve of trial before challenging the jury, the defendant is forced to choose between proceeding with trial and exercising his right to challenge the jury who will try him. Although this defendant's venire has not been assembled, this motion is timely with respect to both the substantive claim and requested remedy because waiting until the eve of trial effectively deprives the defendant of his right to challenge the composition of the jury who will try the case.

4. The defendant's petit jury will be selected from a master list of jurors which is unconstitutionally composed. In this district, master jury lists systematically underrepresent the number of African Americans who are eligible for jury service in the Middle District of Alabama. This underrepresentation of African Americans in jury venire is statistically significant and unreasonable in relation to the number of such persons in the community who are eligible to serve. Further, this underrepresentation is part of a history and pattern of discriminatory and systematic exclusion of African Americans from jury venire in the Middle District of Alabama.

5. It is well established that African Americans constitute a cognizable, distinctive

class of persons in this community under both state and federal law. <u>Strauder v. West Virginia</u>, 100 U.S. 303 (1879) (black persons). The exclusion of African Americans from the jury venire violates the defendant's right to a jury comprised of a fair cross-section of the community, <u>Duren v. Missouri</u>, 439 U.S. 357 (1979), and denies the defendant equal protection under the law. <u>J.E.B. v. Alabama</u>, 511 U.S. 127 (1994); <u>Vasquez v. Hillery</u>, 474 U.S. 254 (1986); <u>Castaneda v. Partida</u>, 430 U.S. 482 (1977).

WHEREFORE, above premises considered, the defendant respectfully requests that this Court to strike the jury venire being summoned, and order that a new venire be summoned from a master jury list that adequately represents African Americans.

RESPECTFULLY SUBMITTED this 29th day of November 2005,

TYRONE WHITE
Defendant

/s/ Julian L. McPhillips, Jr.
JULIAN L. McPHILLIPS, JR.
Attorney for Defendant
Alabama Bar No. MCP004
McPhillips Shinbaum, LLP
Post Office Box 64
Montgomery, AL 36101
(334) 262-1911

CERTIFICATE OF SERVICE

I certify that, on this date, I have served a copy of the foregoing upon the Government by electronic filing, and by mailing an additional courtesy copy of same to:

Todd A. Brown
Assistant United States Attorney
Post Office Box 197
Montgomery, AL 36101

/s/ Julian L. McPhillips, Jr.
JULIAN L. McPHILLIPS, JR.
Attorney for Defendant