IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITES STATES OF AMERICA | ) | |
| | ) | CASE NO. 3:05-CR-234-A |
| v. | ) | |
| | ) | |
| TYRONE WHITE | ) | |

**MOTION FOR DISCOVERY**

COMES NOW the Defendant, Tyrone White, pursuant to Rule 16 of the Federal Rules of Criminal Procedure, and the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, and respectfully moves the Court for an Order granting discovery on the jury selection system in this District, and further Ordering the Jury Clerk of this Court to provide the undersigned access to, inspection of, and copies of all records and information, relevant to *Defendant's Third Motion to Dismiss Indictment*, and *Defendant's Second Motion Challenging Petit Jury Composition*, both filed herewith. As reasons, the Defendant states:

1. On October 28, 2005, the defendant filed motions challenging the compositions of both the grand jury and the pool from which his petit jury will be selected. (Doc. 28, and Doc. 29). Since that time, the Government has filed a superceding indictment and a motion to dismiss the original indictment, which was granted.

2. The defendant hereby reasserts his challenges to the composition of both indicting grand juries, as well as to the jury pool from which his petit jury will be selected. Mr. White alleges that these jury lists exclude many citizens, who would otherwise qualify for jury service, on account of, *inter alia*, their race. See *Defendant's Third Motion to Dismiss Indictment*, and *Defendant's Second Motion Challenging Petit Jury Composition*, both filed herewith and incorporated herein by reference.

3. The existing jury system in the United States District Court for the Middle District of Alabama is largely computerized. Most aspects of this system, including maintaining names in master lists and pools, selecting potential jurors, and division of summoned names into grand and petit jury lists, are controlled by computer programming.

4. To adequately investigate the factual basis of the above-referenced motion, Defendant White must have access to all relevant data maintained by the Jury Commission (Clerk), and to the computer systems and programs that maintain and direct the operation of the jury system.

5. It is well established that jury commission records must be made available for inspection and copying by criminal defendants who allege that the system operates in violation of the Constitution. See Test v. United States, 420 U.S. 28 (1975).

WHEREFORE, Defendant Tyrone White respectfully requests that this Court Order that:

(a) At a time certain, the undersigned, or his representative, shall be permitted to access and inspect all relevant records pertaining to the jury selection system in this district;

(b) The director of computer services, or other similarly knowledgeable person, shall be available at that time to explain all aspects of the computer programming and hardware used to maintain jury lists, summon jurors, and perform other pertinent tasks; and

(c) The undersigned, or his representative, shall be permitted to copy any relevant records, programming and data used in the jury selection process.

RESPECTFULLY SUBMITTED this 28th day of November 2005,

TYRONE WHITE
Defendant

/s/ Julian L. McPhillips, Jr.
JULIAN L. McPHILLIPS, JR.
Attorney for Defendant
Alabama Bar No. MCP004

OF COUNSEL:<br>
McPhillips Shinbaum, LLP<br>
Post Office Box 64<br>
Montgomery, AL 36101<br>
(334) 262-1911

### CERTIFICATE OF SERVICE

I certify that, on this date, I have served a copy of the foregoing upon the Government by electronic filing, and by mailing an additional courtesy copy of same to:

    Todd A. Brown
    Assistant United States Attorney
    Post Office Box 197
    Montgomery, AL 36101

/s/ Julian L. McPhillips, Jr.
JULIAN L. McPHILLIPS, JR.
Attorney for Defendant