IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v ) | 3:05-CR-234-A |
| ) | [WO] |
| ) | |
| TYRONE WHITE ) | |

**ORDER ON MOTION**

For good cause, it is hereby **ORDERED** that the Defendant's *Motion for Protective Order* (Doc. 48, filed Nov. 17, 2005) is **GRANTED to the following extent,** effective immediately and continuing at least until completion of the evidentiary hearing commenced November 30, 2005 on the Defendant's *Motion to Dismiss Indictment and For Sanctions* (Doc. 39, filed Nov. 16, 2005):

    1.    No officers, agents, or other representatives of the Auburn Police Department, the FBI, the United States Attorney's Office, and any other individuals, agencies or entities working at the direction of, or in cooperation with, the United States Attorney's Office in the prosecution of Case No. 3:05-cr-234-A, *United States of America v. Tyrone White,* shall contact, communicate with– or make any effort to contact or communicate with– any of the following named witnesses or potential witnesses or any members of their immediate family– in connection with the prosecution or defense of this case, **unless** such contact or communication arises from or relates to a legitimate investigation, prosecution or criminal activity which is unrelated to the *United States of America v. Tyrone White* prosecution:

   (a) Jerry Stinson
   (b) Shanard D. Pitts
   (c) Michelle Pitts
   (d) Daniel Todd
   (e) Charlie Core
   (f) Mitchell Giles
   (g) Nora Henderson
   (h) Willis Edward Bass
   (i) Norman Pitts
   (j) Donald Lee Copeland
   (k) Adam Floyd
   (l) Wynford White
   (m) Myrtis Henderson
   (n) Recco Cobb
   (o) Patrick Threat

2. It is the intent of this *Order* that no witness– whether identified as a witness for the United States or for the Defendant– shall suffer or appear to suffer any intimidation, harassment, or undue coercion with respect to testimony already given– whether to the grand jury, the prosecution, or the defense– as well as testimony already given or projected at this evidentiary hearing. This court declines now to find that any of the agencies or entities subject to this ORDER have engaged in any acts of intimidation, coercion, or harassment; however, the court finds credible the pertinent testimony of witnesses at the November 30, 2005 regarding their experiences and perceptions of inappropriate conduct. In the interests of ascertaining the material facts underlying the pending *Motion*, this court is duty bound to ensure the integrity of all relevant testimony – whether offered by the United States or the Defendant – and the *appearance* of justice, fairness, and impartiality is no less important than the actual outcome.

3. Nothing in this *Order* shall be interpreted or construed to prohibit contacts or communications which are volunteered or initiated or requested by the witness and/or lawyer or other

authorized agent for the witness.

    4.    Nothing in this *Order* should be interpreted or construed to prohibit the service by the United States or the Defendant of any subpoenas for appearances by witnesses at the evidentiary hearing which resumes on December 7, 2005.

    5.    The court recognizes its limited authority over the Auburn Police Department and the FBI but reasonably expects the United States Attorney's Office for this Middle District of Alabama to undertake appropriate action to ensure the communication of this *Order* to all agencies or entities who are involved with the United States Attorney's Office in this criminal prosecution.

Done this 1st day of December, 2005.

                                              **/s/ Delores R. Boyd**
                                              DELORES R. BOYD
                                              UNITED STATES MAGISTRATE JUDGE