IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

UNITED STATES OF AMERICA )
 )
v. ) CR. NO: 3:05-CR-0234-A
 )
TYRONE WHITE )
 )

## RESPONSE TO DEFENDANT'S NOTICE OF DEFENSES

COMES NOW the United States of America, by and through Leura Garrett Canary, United States Attorney for the Middle District of Alabama, and files the instant response to Defendant's Notice of Defenses (doc. #57) as follows:

1. On November 21, 2005, the defendant ("White") filed a Notice of Defenses. Included within the Notice was specific reference to a public-authority defense. Such a notice requires the United States to respond within ten days of receiving a defendant's notice of a public-authority defense. Fed. R. Crim. P. 12.3(a)(3).[1] While none of the other alleged defenses presented by White imposes such a deadline, the instant response addresses, to the extent the Government is able, all of the defenses noticed by White.

## PUBLIC-AUTHORITY DEFENSE

2. White provides notice of the public-authority defense by stating that "Defendant was acting on behalf of the Auburn Police Department at all times contained in the Indictments returned against him." Def. Mot. at ¶ 1. White does not, in his notice, list the agency member upon whom he claims to have acted.

---

[1] Fed. R. Crim. P. 12.3(a)(3) requires the government to file a written response within 10 days of receiving a defendant's notice alleging a public-authority defense. In that response the government is required to admit or deny that the defendant exercised the public authority identified by the defendant. The government may also request the identity, address, and telephone number of each witness the defendant intends to call to establish the defense. This request will be made in a separate motion, so that the docketing of this response and that motion will be separate.

3. The contents of a notice of public-authority defense must contain the law enforcement agency involved, the agency member on whose behalf the defendant claims to have acted, and the time during which he claims to have acted with public authority. Fed. R. Crim. P. 12.3(a)(2). Defendant's notice does list the Auburn Police Department as the law enforcement agency and the period of the indictment as the time during which White claims he was acting under public authority. Def. Mot. at ¶ 1. Whites's notice, however, fails to list the agency member upon whom he claims to have acted. See Fed. R. Crim. P. 12.3(a)(2)(B).

4. Notwithstanding, the above-referenced failure in the notice, in order to pursue a public authority defense, White is required to show that he was engaged by a government official, with actual authority, to participate in some covert activity. See United States v. Baptista-Rodriguez, 17 F.3d 1354, 1368 (11th Cir. 1994), n. 18 (validity of pubic authority defense depends upon whether government agent in fact had authority to empower defendant to perform acts in question); see also United States v. Parker, 267 F.3d 839, 843 (8th Cir. 2001), United States v. Fulcher, 250 F.3d 244, 253-54 (4th Cir. 2001), United States v. Fox, 248 F.3d 394, 408 (5th Cir. 2001). Although not claimed White, any reliance on "apparent" governmental authority not a defense. Baptista-Rodriguez, 17 F.3d at 1368, n. 18.

5. The fact that White was employed by the Auburn Police Department is without dispute. This fact is alleged in the indictment and is an element of the charge against him. See 18 U.S.C. § 1951(a), (b)(2) (establishing an element of the offense in the instant cause as extortion committed under color of official right). However, the United States denies that White was exercising his public authority when he committed the charged conduct. See Fed. R. Crim. P. 12.3(a)(3) (requiring the United States to admit or deny that a defendant exercised public authority). Specifically, White is charged with taking money from individuals in exchange for "fixing" their municipal court cases

and for witness intimidation. There is no actual governmental authority for an Auburn Police Department officer to take money to assist someone in obtaining favorable treatment in an Auburn Municipal Court case, nor is there any actual governmental authority for an Auburn Police Department officer to intimidate witnesses. Thus, White should be denied the opportunity to present this defense.

## ENTRAPMENT DEFENSE

5. White alleges that officers of the Auburn Police Department and the Federal Bureau of Investigation "attempted to entrap, or has entrapped, the Defendant, in relation to all counts of the Indictments." Def. Mot. at ¶ 2.

6. A successful entrapment defense requires White to prove that the Government induced the crime. United States v. Brown, 43 F.3d 618, 623 (11th Cir. 1995). White "may show government inducement by producing evidence sufficient to raise a jury issue 'that the government's conduct created a substantial risk that the offense would be committed by a person other than one ready to commit it.'" Id. (internal citations omitted). Only then is proof that White lacked predisposition to commit the crime required, which the Government must disprove. Id.

7. In the instant cause, White has failed to meet his initial burden that the Government induced the crime. None of the persons who gave White money are agents of the Government. Additionally, the witness that White is charged with intimidating is not an agent of the Government. Accordingly, White's entrapment defense fails.

## WRONGFUL GOVERNMENT COERCION OF WITNESSES AGAINST THE DEFENDANT

8. White alleges witnesses against him were coerced into making statements incriminating him. While the United States has been unable to find authority for this defense, or any need for a

response, the United States notes that such an allegation may be explored by questioning witnesses at trial. See e.g., Fed. R. Evid. 607, 613.

## SELECTIVE PROSECUTION

9. White alleges that he is being prosecuted because of his race. Def. Mot. at 5. While White does not, and cannot, provide any evidence that the United States Attorney is prosecuting him for his race, he should be mindful that a "selective prosecution claim is not a defense on the merits to the criminal charge" but is more appropriately raised through a motion to dismiss. United States v. Smith, 231 F.3d 800, 807 (11th Cir. 2000).

## ILLEGAL SURVEILLANCE

10. Finally, White makes an unsubstantiated claim that he has been the subject of "illegal surveillance." Such is not a defense, but may be a basis for a civil claim or a motion to suppress based on a Fourth Amendment violation. Accordingly, the United States objects to White raising such an issue at trial, which is irrelevant, unsubstantiated, and raised in an inappropriate forum.

Respectfully submitted this the 1st day of December, 2005.

LEURA GARRETT CANARY
UNITED STATES ATTORNEY

TODD A. BROWN
Assistant United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197
(334) 223-7280
(334) 223-7135 fax
ASB-1901-O64T
Todd.Brown@usdoj.gov

## CERTIFICATE OF SERVICE

I, Todd A. Brown, Assistant United States Attorney, hereby certify that I have served a copy of the foregoing upon Counsel for Defendant, Julian McPhillips, Esq., by hand-delivery or by placing a copy of the same in the United States mail, postage prepaid and properly addressed on this the 1st day of December, 2005.

　　　　　　　　　　　　　　　　　　/s/ Todd A. Brown
　　　　　　　　　　　　　　　　　　TODD A. BROWN
　　　　　　　　　　　　　　　　　　Assistant United States Attorney