IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITES STATES OF AMERICA ) | |
| ) | CASE NO. 3:05-CR-234-A |
| v. ) | |
| ) | |
| TYRONE WHITE ) | |

## MOTION TO QUASH SUBPOENAS AND DELAY HEARING ON SAME

COMES NOW the defendant, Tyrone White, by and through his attorneys, Julian L. McPhillips, Jr., and Allison H. Highley, and respectfully moves this Court for an Order quashing the government's subpoenas, hereafter identified, for reasons set forth below.

### A. FACTS

1. On December 6, 2005, at approximately 1:20 p.m., the United States Attorney's Office sent a process server and an FBI agent to the law office of McPhillips Shinbaum, and served subpoenas on Julian L. McPhillips, Jr., Sim Pettway, and Allison Highley. A subpoena was also left for the defendant, Tyrone White. The undersigned later learned that private investigator Billy Smith was served with a similar subpoena.

2. Mr. White is the defendant in this matter. Mr. McPhillips and Mrs. Highley are Mr. White's attorneys, Mrs. Highley's motion for admission pro hac vice having been granted later in the afternoon of December 6, 2005. Mr. Pettway is a law clerk, employed by McPhillips Shinbaum, and who has worked on Mr. White's case.

3. Mr. White, Mr. McPhillips, Mrs. Highley, and Mr. Pettway were each commanded to appear in Courtroom 4A at 9:15 a.m. the next morning, three and one-half business hours before the hearing, and to bring "the digital recording of the defendant, Tyrone White, speaking with a government witness that was played at the meeting at the

United States Attorney's Office on September 29, 2005." At approximately 4:40 p.m. Mr. McPhillips sent a letter to Todd Brown in response to the subpoenas. A copy of this letter, which was sent via email and facsimile, is attached hereto and incorporated herein by reference.

4. As the letter explains, no one at McPhillips Shinbaum ever possessed a copy of the recording, except for the brief time during with Mr. Pettway borrowed Mr. White's digital recorder to play the recorded conversation at the September 2005 meeting. Unfortunately, Mr. White inadvertently deleted the recording while attempting to move the audio file from one location to another, within the memory files of the digital recorder in question.

5. Now that the government has requested the recording, Mr. White will turn over the entire recording device to the government, for independent digital forensic examination, which will hopefully result in the recording's retrieval or reconstruction.

## B. ARGUMENT

6. The government cannot point to a single document showing any attempt by him, or his office, to obtain the digital recording he now seeks, before a subpoena served on the Custodian of Records for McPhillips Shinbaum, LLP, on Thursday, November 29, 2005. The Custodian promptly and correctly replied that the Firm had no such recording. It would have been easy for the government to send a quick note to the defendant, shortly after the September 2005 meeting, requesting the recording. This would have made expectations clear, for both sides. Further, the defense team had assumed that the September 2005 meeting was recorded by agents present, and,

accordingly, that the government already possessed a recording of the recorded conversation at issue.

7.   Mr. White cannot produce the recording, as now requested by the government. However he will turn over the entire recording device to the government, but the close involvement of the Federal Bureau of Investigations in this case creates a clear conflict of interest. **Therefore, the defendant respectfully requests an independent forensic examination be made, with the results, of course, forwarded to both parties and to the Court**.

8.   Finally, the only pending motion filed by the government is its *Motion to Disclose Defense Witnesses* (Doc. 82). **The Honorable Magistrate Judge Delores Boyd has specified the evidentiary hearing on December 1, 2005, and continued on December 7, 2005, has been set for the limited purposes of hearing** *Defendant's Motion to Dismiss Indictment and for Sanctions* **(Doc. 39) and** *Defendant's Motion for Protective Order* **(Doc. 48).** The Court has also scheduled, immediately thereafter, a supplemental Pretrial Conference for the limited purpose of determining whether additional discovery will be necessary due to the superceding indictment, and whether the March 20, 2006, trial term is still reasonable.

9.   **This Court has not received any motion from the government on discovery issues, nor has it set a hearing. The proper procedure would be for the government to request discovery, give the defendant a reasonable opportunity to object to the request or to produce the information or item, and then, if necessary, file a motion for discovery or to compel discovery.** It is wholly improper to ambush the Court, and the defendant, with subpoenas, the very evening before a hearing on the

3

defendant's motions. **If the government has subpoenaed the five individuals named above, to testify about a motion not properly before this court at this time, then the government's subpoenas are due to be quashed.**

10. Most, if not all, of the information presumably sought by the government is protected by attorney-client privilege or the defendant's Fifth Amendment privilege against self-incrimination. Because the government cannot have any reasonable expectation that it will be able to present any admissible evidence, relevant to the motions set for hearing on December 7, 2005, the defendant requests that these subpoenas be quashed.

11. **Further, because a hearing on the discovery issue discussed herein is very premature, the defendant respectfully requests that any such hearing be postponed indefinitely, until a real controversy has developed, and the government has followed this Honorable Court's rules and procedures.**

12. The service of these subpoenas prejudiced the defendant by diverting his defense team away from the task at hand, namely to prepare for the hearing scheduled December 7, 2005, and further by creating undue stress and anxiety. This was a tactic in bad form, to say the least, and we leave it to this Court to determine appropriate penalties for this behavior.

WHEREFORE, premises considered, the defendant prays this Honorable Court will quash the above-mentioned subpoenas, and delay any hearing on the discovery issues set forth herein, until such time as it can be determined whether the digital recording in question can be retrieved.

/ /

RESPECTFULLY SUBMITTED this 7th day of December 2005.

        TYRONE WHITE
        Defendant

        /s/ Julian L. McPhillips, Jr.
        JULIAN L. MCPHILLIPS, JR.
        Alabama Bar No. MCP004

        /s/ Allison H. Highley
        ALLISON H. HIGHLEY
        Washington Bar No. 34145
        Attorneys for Defendant
        McPhillips Shinbaum, LLP
        Post Office Box 64
        Montgomery, Alabama 36101
        (334) 262-1911

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this date, I served a copy of the foregoing via hand delivery in open court, Courtroom 4A, United States Courthouse, Montgomery, Alabama.

        /s/ Allison H. Highley
        ALLISON H. HIGHLEY