IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITES STATES OF AMERICA ) | |
| ) | CASE NO. 3:05-CR-234-A |
| v. ) | |
| ) | |
| TYRONE WHITE ) | |

## SUPPLEMENTAL MOTION TO QUASH SUBPOENAS AND MOTION FOR PROTECTIVE ORDER RESTRICTING DISCOVERY

COMES NOW the defendant, Tyrone White, Julian L. McPhillips, Allison H. Highley, Sim Pettway and Billy Smith, by and through the undersigned attorneys and respectfully move this Court for a Protective Order restricting discovery requested by the government, and supplementing defendant's *Motion to Quash Subpoenas and Delay Hearing on Same* (Doc. 86-1), and says:

### A. FACTS

1.  On or about September 29, 2005, a digital recording of a conversation was played in a meeting at the United States Attorney's Office.

2.  On December 6, 2005, the government subpoenaed five individuals – namely Julian L. McPhillips, Allison H. Highley, Sim Pettway, Billy Smith, and Tyrone White – ordering them to appear before this Court, and to bring a copy of the recording.

3.  None of these five individuals has the recording. The defendant, Tyrone White, has in his possession the recording device in which the recording was stored, before it was inadvertently erased.

### B. ARGUMENT

4.  **The recording is not properly discoverable by the government.** Under

Federal Rules of Criminal Procedure, if the defendant requests disclosure under Rule 16(a)(1)(E), and the government complies, then the defendant must permit the government, upon request, to inspect and copy "books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items if: (i) the item is within the defendant's possession, custody, or control; **and** (ii) the defendant intends to use the item in the defendant's case-in-chief at trial." Fed. R. Crim. Proc. 16, *emphasis added*. The recording in question is not within the defendant's possession, custody, or control, because it no longer exists. Further, the defendant would only be required, under this rule, to produce the recording, if he intended to use the recording at trial in his case-in-chief. The defendant does not intend to use the recording, or the recording device, in his case in chief. See United States v. Moore, 208 F.3d. 577 (CA7 2000). Therefore, neither the recording nor the recording device is discoverable under this rule.

    5.    **The recording is protected under the Sixth Amendment as attorney work product**. The Federal Rules of Criminal Procedure, Rule 16(b)(2)(A), protects attorney work product from discovery, explicitly providing it is not subject to disclosure. Specifically, reports, memoranda or other documents made by the defendant, or his attorney or agent, during investigation of the case are not subject to disclosure. Fed. R. Crim. Proc. 16(b)(2)(A). Further, any statement made to the defendant, or the defendant by the defendant, or any prospective government or defense witness, is not subject to disclosure. Fed. R. Crim. Proc. 16(b)(2)(B). The recording in question was made by the defendant, and documented a statement made to the defendant by a prospective witness during investigation of the case. Therefore, this recording is specifically not subject to

disclosure under the federal rule.

6. **The recording is protected under the defendant's Fifth Amendment privilege against self incrimination.** Under the Fifth Amendment to the United States Constitution, a criminal defendant, or his attorneys, cannot be forced to testify against himself. U.S. Const. Amend. 5. Similarly, under the Fifth Amendment, the Court cannot require a defendant to produce **evidence** which may be used to incriminate him, and pretrial discovery will not be allowed where discovery is directed toward obtaining information from the defendant for filing a criminal action. United States v. Goldsmith, 272 F.Supp. 924 (ED NY 1967).

7. There is no authority for the Court to order directing the defendant to submit evidence to the government, which the government demands because such evidence may be incriminating. See United States v. Allen, 337 F.Supp. 1041 (ED PA 1972), *where the court had no authority to grant an order directing that hair samples be taken from both defendants and that one defendant submit to blood tests and an x-ray of his arm.* If Items sought from the defendants by the prosecution are of a class of evidence which would ordinarily be privileged from disclosure under the Fifth Amendment, the defendant is not to be required to disclose them. United States v. Fratello, 44 F.R.D. 444, (DC NY 1968).

8. Thus, for the reasons set forth above, the government is not entitled to the recording, and has no authority to compel the defendant to produce the recording, or the device upon which it was stored.

WHEREFORE, premises considered, the defendant prays this Honorable Court will grant this defendant a Protective Order restricting discovery requested by the

government, and quashing the government's subpoenas, identified above.

RESPECTFULLY SUBMITTED this 9th day of December 2005.

>TYRONE WHITE
>Defendant
>
>/s/ Julian L. McPhillips, Jr.
>JULIAN L. MCPHILLIPS, JR.
>Alabama Bar No. MCP004
>
>/s/ Allison H. Highley
>ALLISON H. HIGHLEY
>Washington Bar No. 34145
>Attorneys for Defendant
>McPhillips Shinbaum, LLP
>Post Office Box 64
>Montgomery, Alabama 36101
>(334) 262-1911

## CERTIFICATE OF SERVICE

I hereby certify that, on this date, I served a copy of the foregoing via hand delivery in open court, Courtroom 4A, United States Courthouse, Montgomery, Alabama.

>/s/ Allison H. Highley
>ALLISON H. HIGHLEY