IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v ) | 3:05-CR-234-A |
| ) | [WO] |
| ) | |
| TYRONE WHITE ) | |

**O R D E R ON MOTIONS**

After due consideration of oral arguments by counsel[1] and applicable rules, it is, for good cause, **ORDERED** that:

1. Defendant's *Motion to Quash Subpoenas and Delay Hearing on Same* (Doc. 86, Dec. 7, 2005) is DENIED AS MOOTED by the *Supplemental Motion to Quash Subpoenas and Motion for Protective Order Restricting Discovery* (Doc. 89, Dec. 9, 2005).

2. Defendant' *Motion for Protective Order Restricting Discovery* (Doc. 89) is DENIED AS MOOTED by the United States' representation that it seeks no discovery independent of the "digital recording" which is the subject of its subpoena for production at the ongoing evidentiary hearing on *Defendant's Motion to Dismiss Indictment and for Sanctions* ( Doc. 39 ) and its further representation that it seeks this recording solely for the court's consideration of the issues in controversy on the

---

[1] Assistant United States Attorneys Todd Brown and David Cook, appearing for the United States; Atty. Ron Wise, appearing on the pending motions to quash subpoenas served on Julian L. McPhillips, Jr., Sim Pettway, Allison Highley, and Billy Smith, and Defendant Tyrone White.

dismissal motion.

3. Defendant's *Supplemental Motion to Quash Subpoenas* (Doc. 89) is GRANTED pursuant to the court's findings that (a) the requested evidence is not in the possession or control of the persons served; (b) assuming that the defendant possesses a device from which the recording can be retrieved, the requested discovery by subpoena to him is not authorized by the Federal Rules of Criminal Procedure and would infringe on his constitutional privilege against self-incrimination; and (c) neither the recorded evidence – nor testimony from any of the persons served – about the whereabouts or substance of the recorded evidence – is material or relevant to the court's determination of the issues submitted at the completed evidentiary hearing on defendant's dismissal motion for misconduct by investigators.

Done this 9th day of December, 2005.

                **/s/ Delores R. Boyd**
                DELORES R. BOYD
                UNITED STATES MAGISTRATE JUDGE