IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITES STATES OF AMERICA ) | |
| ) | CASE NO. 3:05-CR-234-A |
| v. ) | |
| ) | |
| TYRONE WHITE ) | |

**DFENDANT'S SUPPLEMENTED RESPONSE
TO GOVERNMENT'S MOTION FOR PROTECTIVE ORDER**

COMES NOW the defendant, Tyrone White, by and through his undersigned counsel, and respectfully SUPPLEMENTS Defendant's *Response to Government's Motion for Proctective Order* (Doc. 56) as follows:

1. It is well established that "[P]rior restraints on speech and publication are the most serious and the least tolerable infringement on First Amendment rights." Nebraska Press Association v. Stuart, 427 U.S. 539, 559 (1976). A prior restraint is therefore **presumptively unconstitutional**, with the movant bearing the "heavy burden of showing justification for the imposition of such a restraint." Organization for a Better Austin v. Keefe, 402 U.S. 415, 419, 29 L. Ed. 2d 1, 91 S. Ct. 1575 (1971).

2. In Nebraska Press, the Supreme Court established the demanding test that must be met before a prior restraint on pretrial publicity is justified. That test requires proof that (1) the nature and extent of pretrial publicity will impair the defendant's right to a fair trial; (2) there are no less restrictive alternatives which would mitigate the effects of the prejudicial publicity; and (3) a prior restraint would effectively prevent the harm. Nebraska Press Association v. Stuart, 427 U.S. 539, 562-68 (1976). See also In the Matter of Providence Journal Co., 820 F.2d 1342, 1349 (1st Cir. 1986) (summarizing the

Nebraska Press test), modified, 820 F.2d 1354 (1st. Cir. 1987) (en banc), cert. dismissed, 485 U.S. 693, 99 L. Ed. 2d 785, 108 S. Ct. 1502 (1988).

3. **Only** if it is clear from this analysis that "further publicity, unchecked, would so distort the views of potential jurors that 12 could not be found who would, under proper instructions, fulfill their sworn duty to render a just verdict exclusively on the evidence presented in open court," can a prior restraint issue. Nebraska Press Association v. Stuart, 427 U.S. 539, 569 (1976). Moreover, the court's conclusions cannot be speculative, but must be founded on the **high degree of certainty** required before a prior restraint is permissible. Id. at 563 & 569.

4. The first prong of the Nebraska Press test requires consideration of the nature and extent of pretrial publicity as well as the degree to which the particular publicity sought to be restrained poses a danger to fair trial rights. But the extent of publicity is only one factor to be considered. More important is the prejudicial nature of the publicity sought to be suppressed, since the extent of dissemination is harmful only insofar as the speech disseminated is itself of a harmful character.

5. The Eleventh Circuit adopted the standards set forth in the Ninth Circuit case Levine v. United States District Court, 764 F.2d 590 (9th Cir. 1985), stating:

> The Ninth Circuit Court of Appeals in Levine, 764 F.2d at 590, had occasion to review a restraining order issued by a district court in which the attorneys for the defendant and the government were prohibited from communicating with the media regarding the merits of the case. Characterizing such an order as a prior restraint on the attorneys' first amendment right to free speech, the court applied a strict scrutiny standard "because of the peculiar dangers of such restraints." Id. at 595 (citation omitted). According to the court, the government had the burden of proving that "(1) the activity restrained pose[d] either a clear and present danger or a serious and imminent threat to a protected

2

competing interest; (2) the order [was] narrowly drawn; and (3) less restrictive alternatives [were] not available." Id. (citations omitted). ... The court did, however, conclude that the restraining order was overbroad because there are many extrajudicial statements that "present no danger to the administration of justice." Id. at 599. United States v. Lehder-Rivas, 667 F. Supp. 827, 828 (11th Cir. 1987), quoting Levine v. United States District Court, 764 F.2d 590 (9th Cir. 1985).

6. Likewise, strict scrutiny is the proper standard in reviewing the government's request for a protective order, which would prohibit the attorneys from communicating with the media. Therefore, the government has the burden of showing that (1) communicating with the media poses either a clear and present danger, or a serious and imminent threat to a protected competing interest; (2) the order will be narrowly drawn; and (3) less restrictive alternatives are not available.

7. The government cannot meet its heavy burden of proving that any media coverage in the instant matter would so clearly and irreparably undermine this Court's ability to empanel an impartial jury that the "least tolerable" infringement of First Amendment rights must be tolerated. With trial tentatively set for late-March and with the likelihood that it may be rescheduled to June, the government cannot argue that any potential or perceived harm can be considered "imminent." Further, the government would restrict all contact by the defendant, or his attorneys, with the media. Clearly, the requested restrictions are overbroad and overreaching.

8. Importantly, less restrictive alternatives are readily available. The Court has at its disposal a wide range of alternatives short of prior restraint which would mitigate any potential or perceived impact of prejudicial publicity. Change of venue, continuance of the case, careful voir dire, and emphatic instructions to the jury to

3

consider only the evidence before it are all measures which, individually and combined, diminish the threat of pretrial publicity. United States v. Noriega, 752 F. Supp. 1045, 1053 (D. Fla. 1990). Further, none of these measures can be deemed ineffective, or even necessary at this point, on the basis of the government's showing thus far. Id. at 1053.

9. **The government has not met its heavy burden to show why prior restraint of free speech and free press are necessary in this case at this time. Notwithstanding this failure on the government's part, a prior restraint on this defendant's speech, and on the speech of his attorneys, would harm the defendant, not only in this matter, but also in his ability to have a fair administrative hearing on his wrongful termination from the Auburn Police Department**, on an appeal now outstanding and awaiting a hearing in January or February, 2006. **The City of Auburn has spoken to, and would remain free to speak to the media about its position in the ongoing employment matter. Because the criminal and employment cases overlap so much, a gag order in the criminal matter would be debilitating to the defendant's ability to argue his employment case against the City of Auburn.** Therefore its *Motion for Protective Order* (Doc. 34) is due to be denied.

WHEREFORE, above premises considered, the defendant prays this Honorable Court will DENY the government's motion for a Protective Order, which would prohibit the defendant and his attorneys from communicating with the media.

RESPECTFULLY SUBMITTED this 14th day of December 2005.

    TYRONE WHITE
    Defendant

    /s/ Julian L. McPhillips, Jr.
    JULIAN L. MCPHILLIPS, JR.
    Alabama Bar No. MCP004

/s/ Allison H. Highley
ALLISON H. HIGHLEY
Washington Bar No. 34145
Attorneys for Defendant
McPhillips Shinbaum, LLP
Post Office Box 64
Montgomery, Alabama 36101
(334) 262-1911

## CERTIFICATE OF SERVICE

I hereby certify that, on this date, I served a copy of the foregoing via U.S. mail, postage prepaid to:

Todd A. Brown, Esq.
Assistant United States Attorney
Post Office Box 197
Montgomery, Alabama 36101

/s/ Allison H. Highley
ALLISON H. HIGHLEY

5