IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO: 3:05-CR-0234-A |
| | ) | |
| TYRONE WHITE | ) | |

### RESPONSE TO FIRST PRETRIAL CONFERENCE ORDER

COMES NOW the United States of America, by and through Leura Garrett Canary, United States Attorney for the Middle District of Alabama, and files the instant response to this Court's First Pretrial Conference Order Order (Doc. #97) regarding pending motions (Docs. # 72-74) relating to jury composition filed by the defendant ("White"), as follows:

1. On November 29, 2005, White filed his Third Motion to Dismiss Indictment (Doc. #72); his Second Motion Challenging Petit Jury Venire Composition (Doc. #73); and, a Motion for Discovery (Doc. #74).

### MOTION TO DISMISS

2. White moves this Court to dismiss the superseding indictment in this matter because "African Americans were systematically underrepresented in both grand juries returning indictments in this case." (Doc. #72, ¶3). White has failed to meet his burden on this motion.

3. "Challenges to the jury selection process may be based on the fair cross-section requirement of the Sixth Amendment, the equal protection component of the Fifth Amendment, or a substantial failure to comply with the provisions of the [Jury Selection and Service] Act." United States v. Grisham, 63 F.3d 1074, 1077 (11th Cir. 1995) (internal citations omitted). In order to proceed with such claims, White must make a prima facie case for each challenge. Id. at

1078, 1081; United States v. Maskeny, 609 F.2d 183, 191 (5th Cir. 1980)[1]; 28 U.S.C. 1867(d). White has failed to make such a showing for any of the above-referenced challenges. Accordingly, and until White can make such a showing, White's Motion to dismiss is due to be denied.

## MOTION CHALLENGING PETIT JURY VENIRE COMPOSITION

4. White claims "that African Americans are systematically underrepresented in all jury venires assembled in this district [and t]he proper remedy is to strike the jury venire being summoned, and order that a new venire be summoned from a master jury list that adequately represents African Americans." (Doc. #72, ¶3). White has failed to meet his burden in this matter to make a prima facie case for either a Sixth or Fifth Amendment challenge, or a Jury Selection and Service Act challenge. Grisham, 63 F.3d at 1078, 1081; Maskeny, 609 F.2d at 191; 28 U.S.C. 1867(d). Again, until White can make such a showing, this motion is due to be denied.

## DISCOVERY ISSUE

5. Finally, White seeks to inspect different data related to the jury selection process in this district. (Doc. #74). "The contents of records or papers used by the jury commission or clerk in connection with the jury selection process shall not be disclosed, except pursuant to the district court plan or as may be necessary in preparation or presentation of a motion under subsection (a), (b), or (c) of this section..." 28 U.S.C. §1867(f). "This provision makes clear that a litigant has essentially an unqualified right to inspect the jury lists." Test v. United States, 420 U.S. 28, 30 (1975). Such right of inspection is required not only by the plain text of the

---

[1] In Bonner v. City of Pritchard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

statute, but by the statute's overall purpose of ensuring grand and petit juries selected at random from a fair cross section of the community.  Id.

      6. Because it is White's burden to make a prima facie showing that the jury selection process violated the fair cross-section requirement of the Sixth Amendment; the equal protection component of the Fifth and Fourteenth Amendments; and, the provisions of the Jury Selection and Service Act of 1968, he is entitled to inspect information related to the jury selection process.  Duren v. Missouri, 439 U.S. 357 (1979); Cunningham v. Zant, 928 F.2d 1006 (11th Cir. 1991); 28 U.S.C. 1861, *et seq*.  While the government agrees that the defendant is entitled to some discovery regarding his jury selection claim, such discovery should be narrowly tailored to the issue before this Court, namely, whether African Americans were "systematically underrepresented."  Other information in the possession of the clerk's office, such as potential jurors' personal information, addresses, telephone numbers, etc., should be excluded from White's review.

      Respectfully submitted this the 19th day of December, 2005.

                        LEURA GARRETT CANARY
                        UNITED STATES ATTORNEY

                        /s/ Todd A. Brown
                        TODD A. BROWN
                        Assistant United States Attorney
                        Post Office Box 197
                        Montgomery, Alabama 36101-0197
                        (334) 223-7280
                        (334) 223-7135 fax
                        ASB-1901-O64T
                        Todd.Brown@usdoj.gov

## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | CR. NO: 3:05-CR-0234-A |
| | ) | |
| **TYRONE WHITE** | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Julian McPhillips, Esquire.

    Respectfully submitted,

    LEURA GARRETT CANARY
    UNITED STATES ATTORNEY


    /s/ Todd A. Brown
    TODD A. BROWN
    Assistant United States Attorney
    Post Office Box 197
    Montgomery, Alabama 36101-0197
    (334) 223-7280
    (334) 223-7135 fax
    ASB-1901-O64T
    Todd.Brown@usdoj.gov