IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v ) | CASE NO. **3:05-CR-234-A** |
| ) | |
| **TYRONE WHITE** ) | |

## MOTION TO DISMISS COUNT

COMES NOW the defendant, Tyrone White, by and through his undersigned attorneys of record, and respectfully moves this Honorable Court to dismiss Count 9 of the Superceding Indictment (Doc. 43) filed herein on November 15, 2005, and says:

1. The original Indictment, filed herein on October 4, 2005, contained eight counts. The Superceding Indictment included these eight counts, plus one additional count, namely Count 9, which alleged that the defendant "…did knowingly use intimidation, threaten, and corruptly persuade P.S., and attempted to do so, with intent to hinder, delay, and prevent the communication of information to a law enforcement officer and judge of the United States relating to the commission and possible commission of a Federal offense, as described in Count 8 of this Indictment, in violation of Title 18, United States Code, Section 1512(b)(3)." (Doc. 43, at 6).

2. On December 9, 2005, this Court heard arguments on the defendant's motions to quash subpoenas (Docs. 86 and 89). Magistrate Judge Delores Boyd ruled that, "…assuming that the defendant possesses a device from which the recording can be retrieved, the requested discovery by subpoena to him is not authorized by the Federal Rules of Criminal Procedure and would infringe on his constitutional privilege against self-incrimination…"

      3.      At the same hearing, Assistant United States Attorney David Cook stated on the record that he expected the recording to show evidence of a crime, and went on to admit that Count 9 of the Indictment (Doc. 43) is based wholly upon the contents of that recording. Attorney Cook also admitted that the government is not entitled to have the recording under Rule 16 of the Federal Rules of Criminal Procedure. Thus, issuing subpoenas directing the defendant and his legal defense team to produce the recording was nothing more than a thinly veiled attempt to circumvent the rules of this Court.

      4.      The government admitted that Count 9 of the Indictment is based on the contents of a recording, which was only heard by the government once, and which the government never had, and is not entitled to have. Therefore, the government cannot make its *prima facie* case in regard to Count 9, and this count should be dismissed.

      WHEREFORE, upon consideration of the premises set forth above, the defendant prays this Honorable Court will DISMISS Count 9 of the Superceding Indictment (Doc. 43), now pending in this case.

      RESPECTFULLY SUBMITTED this 19th day of December 2005,

      TYRONE WHITE
      Defendant

      /s/ Julian L. McPhillips, Jr.
      JULIAN L. MCPHILLIPS, JR.
      Alabama Bar No. MCP004

      /s/ Allison H. Highley
      ALLISON H. HIGHLEY
      Washington Bar No. 34145
      Attorneys for Defendant
      McPhillips Shinbaum, LLP
      Post Office Box 64
      Montgomery, AL 36101
      (334) 262-1911

**CERTIFICATE OF SERVICE**

      I hereby certify that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

Todd A. Brown, Esq.
Assistant United States Attorney
Post Office Box 197
Montgomery, AL 36101-0197

                                            <u>/s/ Allison H. Highley</u>
                                            ALLISON H. HIGHLEY