IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | CR. NO: 3:05-CR-0234-A |
| | ) | |
| | ) | |
| TYRONE WHITE | ) | |

**MOTION TO DISCLOSE DEFENSE WITNESSES**

COMES NOW the United States of America, by and through Leura Garrett Canary, United States Attorney for the Middle District of Alabama, and files the instant response to this Court's Show Cause Order (Doc. #104)[1], directing the United States to respond to allegations made in Defendant's ("White's") Motion to Dismiss Count and Supplemental Motion to Dismiss Count (Docs. #103, 105), as follows:

1. On December 19 and 20, 2005, White filed the above-styled motions to dismiss Count 9 of the Superseding Indictment. In his motion, White cites as reasons for dismissal, the following:

   a. because, he claims, Count 9 is based only upon the recording discussed at the evidentiary hearing concluded on December 9, 2005, and because the Court declined to order production of the recording at that hearing, the Government cannot make a *prima facie* case, as to Count 9 (Doc. # 103); and,

   b. because, he claims, the meeting at which the above-referenced recording was

---

[1] This Court granted the Government's request to extend the deadline for filing the instant response to today's date. (Doc. # 109).

played was a settlement conference, the United States would be inadmissible at trial, pursuant to Fed. R. Evid. 410.

    2. <u>Production of Recording</u>. The issue associated with this claim is moot. The recording device referenced by White was seized in another criminal case, as a result of the execution of a federal search warrant. Accordingly, as the Government has the recording device in its possession, any issue as to whether the Government *can* get the recording from White, is moot. Furthermore, the contents of the recording are admissible at trial as non-hearsay, because they are admissions of a party opponent. Fed. R. Evid. 801(d)(2)(A) (a statement offered against a party which is the party's own statement). Even if the contents of the above-referenced recording cannot be retrieved, the following can testify to the contents of the recording: FBI Special Agents Christian Deeb and Paul Houston; Auburn Police Department Lieutenants Jerry Holder and Willie Smith, and Sergeant Chris Murray; and members of the defense team, Julian McPhillips, Esq., Sim Pettway, and Billy Smith.

    3. <u>Settlement Conference</u>. The United States disputes that the recording was played as part of a settlement conference. The United States is on record describing the events that led to the September 29, 2005, meeting at which the recording was played (that the meeting was set up by the defense team to present exculpatory evidence). Nevertheless, assuming *arguendo* that the tape was played during a settlement conference, the recorded statements on that tape are not inadmissible pursuant to Fed. R. Evid 410(3), because the statements weren't "made in the course of" any alleged plea discussions. The statements on the recording were made, and recorded, prior to the meeting, whether it is deemed to be a settlement conference or not.

4. Finally, what White argues, in essence, is that there is insufficient evidence to convict him of Count 9 because either (1) the Government cannot obtain the recording or the conversation thereon, or (2) the Government would be prohibited from introducing evidence on the recording because it is not permitted by Fed. R. Evid. 410. A trial court may not dismiss a count of an indictment prior to trial on the ground that the Government has insufficient evidence to convict a defendant. United States v. Salman, 378 F.3d 1266 (11th Cir. 2004). The rules governing criminal prosecutions do not provide for pre-trial determination of sufficiency of the evidence. Id. at 1268. The sufficiency of the indictment is determined from its face. Id. An indictment is sufficient if it charges the language set forth in the statute. Id. Because the superseding indictment in the instant matter properly charges White of a criminal offense, the United States is entitled to present its evidence at trial and have the sufficiency of the evidence supporting Count 9 tested by a motion made pursuant to Fed. R. Crim. P. 29 or by a jury. Id. Thus, White's motions are due to be denied.

Respectfully submitted this the 20th day of January, 2006.

LEURA GARRETT CANARY
UNITED STATES ATTORNEY

/s/ Todd A. Brown
TODD A. BROWN
Assistant United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197
(334) 223-7280
(334) 223-7135 fax
ASB-1901-O64T
Todd.Brown@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | CR. NO: 3:05-CR-0234-A |
| | ) | |
| **TYRONE WHITE** | ) | |

### CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Julian McPhillips, Esquire.

        Respectfully submitted,

        LEURA GARRETT CANARY
        UNITED STATES ATTORNEY

        /s/ Todd A. Brown
        TODD A. BROWN
        Assistant United States Attorney
        Post Office Box 197
        Montgomery, Alabama 36101-0197
        (334) 223-7280
        (334) 223-7135 fax
        ASB-1901-O64T
        Todd.Brown@usdoj.gov