# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE MIDDLE DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CR. NO. 3:05-CR-0234-WHA |
| ) | |
| TYRONE WHITE, and ) | |
| ADAM FLOYD ) | |

## UNITED STATES' REQUESTED VOIR DIRE QUESTIONS

COMES NOW the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and requests this Court to propound the attached questions to the jury venire in this case.

Respectfully submitted this the 17th day of October, 2006.

LEURA GARRETT CANARY
UNITED STATES ATTORNEY

s/Todd A. Brown
TODD A. BROWN
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax: (334)223-7135
E-mail: todd.brown@usdoj.gov
ASB-1901-O64T

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 3:05-CR-0234-WHA |
| | ) | |
| TYRONE WHITE, and | ) | |
| ADAM FLOYD | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on October 17, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/EFC system which will send notification of such filing to the following: Russell T. Duraski, Esquire, and Jeffery C. Duffey, Esquire.

Respectfully submitted,

s/Todd A. Brown
TODD A. BROWN
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax: (334)223-7135
E-mail: todd.brown@usdoj.gov
ASB-1901-O64T

1. Based on the information you have heard in Court today concerning this case, have any of you heard or read anything about this case on television, radio or in the newspaper?

If so, based on what you have heard or read, have you formed any opinion as to the guilt or innocence of the defendant?

If so, based on what you have heard or read, have you formed an opinion as to what, if anything, really happened?

Do you feel that, based on what you have heard or read, you cannot determine the guilt or innocence of the defendants solely on the evidence introduced at trial?

2. Have any of you discussed any aspect of this case with anyone who claimed to have some special knowledge of what actually occurred?

If so, with whom and under what circumstances? What knowledge did this person claim to have? Have you formed some opinion based on what this person told you?

3. Has any member of the panel, or a relative or close friend ever been employed by a local, state, or federal law enforcement agency?

If so, what position was or is held?

4. Other than a traffic ticket, has any member of the panel ever had an unpleasant experience involving law enforcement?

If so, please explain.

5. Has any member of the panel, or a relative or close friend ever been employed by a law firm or other organization which participates in the defense of criminal cases?

If so, please state their names, the type of law they practice and the location of their practice.

If a relative was or is so employed, do you often discuss their jobs with them?

6. Has any member of the panel ever had any dealings with the Auburn Police Department, the Federal Bureau of Investigation, the Office of the United States Attorney, the Department of Justice, or any local office of the District Attorney?

If so, please elaborate.

7. Has any member of the jury panel, or a member of his or her family, ever been employed by local, state or the federal government?

If so, in what capacity?

8. Has any member of the panel ever had any training in law or in law enforcement?

If so, please describe.

9. Does any member of the panel know any defendant, or any member of any defendant's family, or any friends of any defendant, on either a personal, business, or professional basis?

If so, who, and in what capacity?

If so, are you able to put aside feelings resulting from such knowledge, regardless of whether they are favorable or unfavorable to a defendant, or to any member of the defendant's family or friends of the defendant, and decide this case solely upon the evidence?

10. Has any member of the panel, or a relative or close friend, ever been a witness to a crime?

If so, what type of crime and when did it occur? Was the case prosecuted?

Did you or your relative or close friend testify? With regard to your participation in the case, was there anything in your dealings with the police, the court, the prosecutor, or the defense lawyer that left you unhappy or unsatisfied? Please elaborate.

What was the result?

Were you satisfied with the result?

11. Do you or any of your friends or relatives know any of the attorneys in this case? If so, who and how?

12. Do you know any other member of the jury panel? If so, who and how?

13. Have you or any friend or relative ever been arrested or convicted for any crime other than a traffic offense?

If so, when, and for what? By virtue of your experience, will you be able to be entirely impartial to both the prosecution and the defense in this case?

14. Have you or any of your friends or relatives ever had any unfavorable association or dealings with the United States Government? If so, who or what?

15. Does any member of the panel belong to any professional, educational, religious, social or other organization?

If so, what are they?

16. Do each and every one of you understand that during the course of the trial an attorney is not permitted to speak to the jurors and, therefore, if you see an attorney in the hall or on the street, you should not hold it against the attorney if he or she does not acknowledge you or speak to you?

17. Do any of you have any feelings, whether they may be moral, religious, philosophical or otherwise that would prevent you from being a fair and impartial juror in this case or that would prevent you from sitting in judgment on your fellow man?

18. To admit to having some sympathy for the defendant or the government in this case is nothing to be ashamed of and does not reflect badly upon you as a person. However, both the government and the defendant are entitled to have this case heard by a fair and impartial jury that

will decide the case solely according to the evidence admitted in this Court and according to the Court's instructions on the law. The law provides that the jury may not be governed by sympathy, prejudice, or public opinion. With this in mind, do any of you have any reason why you would be unable to give either the government or the defendant a fair trial based solely upon the evidence admitted at the trial and the instructions given by the Court?

19. Do all of you realize that as a juror, in your deliberations as to guilt, you must not consider any possible punishment?

20. Can all of you decide this case solely on the evidence presented in this courtroom, applying the law as given to you by the Court, and decide it without bias, prejudice, and sympathy? If not, please stand.

21. Is there any reason why any of you would be unable to reach a fair and impartial verdict based solely upon the evidence submitted during the trial and the instructions which the judge gives you?

22. Do any of you have any members of your family or friends who are currently incarcerated in any penal institution, jail, or community based correctional facility?

If so, what is your relationship to that individual and what crime did he/she commit?

If so, do you feel that this relationship will prevent you from being a fair and impartial juror in this case?

23. Has any member of the panel ever been a juror in a criminal case before? If so, what kind of criminal case? What was the result?

24. Has any member of the panel, or a relative or close friend, ever been the victim of a crime?

Is so, what type of crime and when did it occur?  Was the case prosecuted?

Regarding the case, was there anything in your dealings with the police, the court, the prosecutor or the defense lawyer that left you unhappy or unsatisfied?  Please elaborate?

Did you testify?

What was the result?

Were you satisfied with the result?

25.  Do any of you have any physical problems which will interfere with your service as a juror, or will prevent you from reading the documents that are introduced into evidence or from hearing the testimony that will come from the witness stand?