## IN THE DISTRICT COURT OF THE UNITED STATES
### FOR THE MIDDLE DISTRICT OF ALABAMA
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 3:05-CR-0234-WHA |
| | ) | |
| TYRONE WHITE, and | ) | |
| ADAM FLOYD | ) | |

### GOVERNMENT'S REQUESTED AMENDED JURY INSTRUCTIONS

**COMES NOW** the United States of America, by and through Leura Garrett Canary, United States Attorney for the Middle District of Alabama, and respectfully requests that the following Jury Instructions be given to the jury in the above-styled cause.

All of the instructions are 11th Circuit Pattern Instructions, as amended in 2003, except proposed instruction numbers 21 and 22 which have no corresponding pattern instructions but have been modified to correspond to proposed instruction numbers 19 and 20 which are pattern instructions. Proposed instruction number 23 relates to disjunctive proof of a conjunctive charge with caselaw in support thereof.

Respectfully submitted this the 17th day of October, 2006.

LEURA GARRETT CANARY
UNITED STATES ATTORNEY

s/Todd A. Brown
TODD A. BROWN
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax: (334)223-7135
E-mail: todd.brown@usdoj.gov
ASB-1901-O64T

**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CR. NO. 3:05-CR-0234-WHA** |
| | ) | |
| **TYRONE WHITE, and** | ) | |
| **ADAM FLOYD** | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2006, I electronically filed the foregoing with the Clerk of

the Court using the CM/EFC system which will send notification of such filing to the following:

Russell T. Duraski, Esquire and Jeffery C. Duffey, Esquire.

Respectfully submitted,

s/Todd A. Brown
TODD A. BROWN

Assistant United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax: (334)223-7135
E-mail: todd.brown@usdoj.gov
ASB-1901-O64T

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. __1

**2.1**

**<u>Duty To Follow Instructions</u>**
**<u>Presumption Of Innocence</u>**

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the Defendant or the Government.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against any Defendant is not evidence of guilt. Indeed, every Defendant is presumed by the law to be innocent. The law does not require a Defendant to prove innocence or to produce any evidence at all. The Government has the burden of proving a Defendant guilty beyond a reasonable doubt, and if it fails to do so you must find that Defendant not guilty.

**<u>ANNOTATIONS AND COMMENTS</u>**
<u>In re Winship</u>, 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368 (1970) (The due process clause protects all criminal defendants "against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged."); see also <u>Harvell v. Naple</u>, 58 F.3d 1541,1542(11th Cir. 1995), <u>reh'g denied</u>, 70 F.3d 1287 (11th Cir. 1995).

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO.  2

**2.2**

**<u>Duty To Follow Instructions</u>**
**<u>Presumption Of Innocence</u>**
**<u>(When Any Defendant Does Not Testify)</u>**

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the Defendant or the Government.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against any Defendant is not evidence of guilt. Indeed, every Defendant is presumed by the law to be innocent. The law does not require a Defendant to prove innocence or to produce any evidence at all; and if a Defendant elects not to testify, you cannot consider that in any way during your deliberations. The Government has the burden of proving a Defendant guilty beyond a reasonable doubt, and if it fails to do so you must find that Defendant not guilty.

**<u>ANNOTATIONS AND COMMENTS</u>**

<u>United States v. Teague</u>, 953 F.2d 1525, 1539 (11th Cir. 1992), <u>cert</u>. <u>denied</u>, 506 U.S. 842,113 S.Ct. 127, 121 L.Ed.2d 82 (1992), Defendant who does not testify is entitled to instruction that no inference may be drawn from that election; see also <u>United States v. Veltman</u>, 6 F.3d 1483,1493(11th Cir. 1993)(Court was "troubled" by "absence of instruction on the presumption of innocence at the beginning of the trial . . . . Although the Court charged the jury on the presumption

2

before they retired to deliberate, we believe it extraordinary for a trial to progress to that stage with nary a mention of this jurisprudential bedrod.")

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO.  3

**3**

**Definition Of Reasonable Doubt**

Thus, while the Government's burden of proof is a strict or heavy burden, it is not necessary that a Defendant's guilt be proved beyond all possible doubt. It is only required that the Government's proof exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

**ANNOTATIONS AND COMMENTS**

United States v. Daniels, 986 F.2d 451 (11th Cir. 1993),opinion readopted on rehearing, 5 F.3d 495 (11th Cir. 1993), cert. denied, 114 S.Ct. 1615, 128 L.Ed.2d 342 (1994) approves this definition and instruction concerning reasonable doubt; see also United States v. Morris, 647 F.2d 568 (5th Cir. 1981 ); Victor v. Nebraska, 114 S.Ct. 1239, 127 L.Ed.2d 583 (1994) (discussing "reasonable doubt" definition and instruction).

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. _4_

**4.2**

**<u>Consideration Of The Evidence, Direct</u>**
**<u>And Circumstantial - - Argument Of Counsel</u>**
**<u>Comments By The Court</u>**

As I said earlier, you must consider only the evidence that I have admitted in the case. The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record. Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you. Also, you should not assume from anything I may have said that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision concerning the facts.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

**<u>ANNOTATIONS AND COMMENTS</u>**

<u>United States v. Clark</u>, 506 F.2d 416 (5th Cir. 1975) <u>cert</u>. <u>denied</u>, 421 U.S. 967, 95 S.Ct. 1957, 44 L.Ed.2d 454 (1975) approves the substance of this instruction concerning the lack of distinction between direct and circumstantial evidence; see also <u>United States v. Barnette</u>, 800 F.2d 1558,1566(11th Cir. 1986), <u>reh'g</u> <u>denied</u>, 807 F.2d 999 (11th Cir. 1986), cert. denied, 480 U.S. 935, 107 S.Ct. 1578, 94 L.Ed.2d 769 (1987) (noting that the "test for evaluating circumstantial evidence is

5

the same as in evaluating direct evidence") (citing <u>United States v. Henderson</u>, 693 F.2d 1028, 1030 (11th Cir. 1983)).

<u>United States v. Hope</u>, 714 F.2d 1084, 1087 (11th Cir. 1983) ("A trial judge may comment upon the evidence as long as he instructs the jury that it is the sole judge of the facts and that it is not bound by his comments and as long as the comments are not so highly prejudicial that an instruction to that effect cannot cure the error.") (citing <u>United States v. Buchanan</u>, 585 F.2d 100, 102 (5th Cir. 1978)). See also <u>United States v. Jenkins</u>, 901 F.2d 1075 (11th Cir. 1990).

<u>United States v. Granville</u>, 716 F.2d 819, 822 (11th Cir. 1983) notes that the jury was correctly instructed that the arguments of counsel should not be considered as evidence (citing <u>United States v. Phillips</u>, 664 F.2d 971, 1031(5th Cir. 1981)); see also <u>United States v. Siegel</u>, 587 F.2d 721, 727 (5th Cir. 1979).

6

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO.  5

**5**

**<u>Credibility Of Witnesses</u>**

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that decision you may believe or disbelieve any witness, in whole or in part.  Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions:  Did the witness impress you as one who was telling the truth?  Did the witness have any particular reason not to tell the truth?  Did the witness have a personal interest in the outcome of the case?  Did the witness seem to have a good memory?  Did the witness have the opportunity and ability to observe accurately the things he or she testified about?  Did the witness appear to understand the questions clearly and answer them directly?  Did the witness's testimony differ from other testimony or other evidence?

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. __6__

**6.2**

**Impeachment**
**Inconsistent Statement And Felony Conviction**

You should also ask yourself whether there was evidence tending prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony the w~ness gave before you during the trial.

The fact that a witness has been convicted of a felony offense, or crime involving dishonesty or false statement, is another factor you may consider in deciding whether you believe that witness.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

**ANNOTATIONS AND COMMENTS**

United States v. Solomon, 856 F.2d 1572, 1578(11th Cir. 1988), reh'g denied, 863 F.2d 890 (1988), cert. denied, 489 U.S. 1070, 109 S.Ct. 1352, 103 L.Ed.2d 820 (1989) approved this instruction.

8

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. __7__

**6.3**

**<u>Impeachment</u>**
**<u>Inconsistent Statement</u>**
**<u>(Defendant Testifies With No Felony Conviction)</u>**

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

A Defendant has a right not to testify. If a Defendant does testify, however, you should decide in the same way as that of any other witness whether you believe the Defendant's testimony.

9

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. _8_

**6.4**

**<u>Impeachment</u>**
**<u>Inconsistent Statement</u>**
**<u>(Defendant Testifies With Felony Conviction)</u>**

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

A Defendant has a right not to testify. If a Defendant does testify, however, you should decide in the same way as that of any other witness whether you believe the Defendant's testimony. [Evidence of a Defendant's previous conviction of a crime is to be considered by you only in deciding whether you believe or disbelieve the Defendant as a witness, and must never be considered as evidence of guilt of the crime(s) for which the Defendant is on trial.]

## <u>ANNOTATIONS AND COMMENTS</u>

<u>United States v. Lippner</u>, 676 F.2d 456, 462 n.11 (11th Cir. 1982), it is plain error not to give a limiting instruction (such as the last sentence of this instruction) when a Defendant is impeached as a

10

witness under Rule 609, FIRE, by cross examination concerning a prior conviction) (citing <u>United States v. Diaz</u>, 585 F.2d 116 (5th Cir. 1978)).

If, however, evidence of a Defendant's prior conviction is admitted for other purposes under Rule 404(b), FIRE., the last sentence of this instruction should not be given. See, instead, Trial Instruction 3 and Special Instruction 4.

Similarly, the last sentence of this instruction should not be given if evidence of a Defendant's prior conviction is admitted because the existence of such a conviction is an essential element of the crime charged. See, for example, Offense Instruction 30.6, 18 USC 922(g), and the Annotations and Comments following that instruction.

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO.  9

**6.5**

**<u>Impeachment</u>**
**<u>Inconsistent Statement And Felony Conviction</u>**
**<u>(Defendant Testifies With No Felony Conviction)</u>**

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

The fact that a witness has been convicted of a felony offense, or a crime involving dishonesty or false statement, is another factor you may consider in deciding whether you believe that witness.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

A Defendant has a right not to testify.  If a Defendant does testify, however, you should decide in the same way as that of any other witness whether you believe the Defendant's testimony.

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO.  10

**6.6**

**<u>Impeachment</u>**
**<u>Inconsistent Statement And Felony Conviction</u>**
**<u>(Defendant Testifies With Felony Conviction)</u>**

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony he or she gave before you during the trial.

The fact that a witness has been convicted of a felony offense, or a crime involving dishonesty or false statement, is another factor you may consider in deciding whether you believe that witness.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

A Defendant has a right not to testify. If a Defendant does testify, however, you should decide in the same way as that of any other witness whether you believe the Defendant's testimony. [Evidence of a Defendant's previous conviction of a crime is to be considered by you only in deciding whether you believe or disbelieve the Defendant as a witness, and must never be considered as evidence of guilt of the crime(s) for which the Defendant is on trial.]

13

## ANNOTATIONS AND COMMENTS

United States v. Lippner, 676 F.2d 456, 462 n.11  (11th Cir. 1982), it is plain error not to give a limiting instruction (such as the last sentence of this instruction) when a Defendant is impeached as a witness under Rule 609, FIRE., by cross examination concerning a prior conviction) (citing United States v. Diaz, 585 F.2d 116 (5th Cir. 1978)).

If, however, evidence of a Defendant's prior conviction is admitted for other purposes under Rule 404(b), FIRE., the last sentence of this instruction should not be given.  See, instead, Trial Instruction 3 and Special Instruction 4.

Similarly, the last sentence of this instruction should not be given if evidence of a Defendant's prior conviction is admitted because the existence of such a conviction is an essential element of the crime charged. See, for example, Offense Instruction 30.6, 18 USC § 922(g), and the Annotations and Comments following that instruction.

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO.  11

**7**

## **Expert Witnesses**

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion.  The same as with any other witness, it is up to you to decide whether to rely upon it.

## **ANNOTATIONS AND COMMENTS**

United States v. Johnson, 575 F.2d 1347, 1361 (5th Cir. 1978), cert. denied, 440 U.S. 907, 99 S.Ct. 1214, 59 L.Ed.2d 454 (1979) approved the Committee's former version of this instruction.

15

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO.  12

**9.1**

## On Or About - - Knowingly - - Willfully

You will note that the indictment charges that the offense was committed "on or about" a certain date.  The Government does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the Government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

The word "knowingly," as that term is used in the indictment or in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

The word "willfully," as that term is used in the indictment or in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is with bad purpose either to disobey or disregard the law.

## ANNOTATIONS AND COMMENTS

United States v. Creamer, 721 F.2d 342, 343 (11th Cir. 1983), "on or about" language upheld in case in which alibi defense was used by the Defendant; the court "rejected the contention that time becomes a material element of a criminal offense merely because the defense of alibi is advanced." See also United States v. Reed, 887 F.2d 1398 (11th Cir. 1989), reh'q denied, 891 F.2d 907 (1989), cert. denied, 493 U.S. 1080, 110 S.Ct. 1136, 107 L.Ed.2d 1041 (1990).

United States v. Diecidue, 603 F.2d 535, 548(5th Cir. 1979), cert. denied, 445 U.S. 946, 100 S.Ct. 1345,63 L.Ed.2d 781 (1980), and cert. denied, 446 U.S. 912, 100 S.Ct. 1842, 64 L.Ed.2d 266 (1980) approved these definitions of knowingly and willfully as sufficient instructions on issue of intent. See also United States v. Kerley, 643 F.2d 299 (5th Cir. 1981).

United States v. Kelly, 615 F.2d 378 (5th Cir. 1980) approved refusal to amplify "willfulness" instruction for the purpose of emphasizing specific intent, criminal motive or guilty mind.

United States v. Restrepo-Granda, 575 F.2d 524 (5th Cir. 1978), reh'g denied, 579 F.2d 644 (1978), cert. denied, 439 U.S. 935, 99 S.Ct. 331, 58 L.Ed.2d 332 (1978), reh'g denied, 439 U.S. 1104,99 S.Ct. 885,59 L.Ed.2d 65(1979); United States v. Batencort, 592 F.2d 916 (5th Cir. 1979), instruction on "deliberate ignorance" as equivalent of knowledge may be given as a supplement to the standard charge in an appropriate case.  See Special Instruction 8.

United States v. Stone, 9 F.3d 934,937(11th Cir. 1993), <u>reh'g denied</u>, 19 F.3d 1448 (11th Cir. 1994), <u>cert</u>. <u>denied</u>, 115 S.Ct. 111, 130 L.Ed.2d 58 (1994), "deliberate ignorance" instruction appropriate only when evidence in the record shows that the Defendant purposely contrived to avoid learning the truth.  <u>United States v. Arias</u>, 984 F.2d 1139 (11th Cir. 1993), <u>cert</u>. <u>denied</u>, 508 U.S. 979, 113 S.Ct. 2979, 125 L.Ed.2d 676 (1993), and cert. denied, 113 S.Ct. 3062, 125 L.Ed.2d 744 (1993) approved deliberate ignorance instruction when drug couriers avoided knowledge of content of their parcels. See also <u>United States v. Rivera</u>, 944 F.2d 1563, 1570-72(11th Cir. 1991); <u>Batencort</u>, <u>supra</u>, and Special Instruction 8,infra.

United States v. Corral Martinez, 592 F.2d 263 (5th Cir. 1979), Model Penal Code definition of knowledge held not to be plain error when given as an instrudion, i.e., "proof that Defendant was aware of the high probability that the substance he possessed was heroin [suffices to prove knowledge] unless he actually believes it was not heroin."

United States v. Benson, 592 F.2d 257 (5th Cir. 1979); <u>United States v. Warren</u>, 612 F.2d 887 (5th Cir. 1980), <u>cert</u>. <u>denied</u>, 446 U.S. 956, 100 S.Ct. 2928, 64 L.Ed.2d 815 (1980) approved instruction in a tax evasion case and a currency reporting case, respectively, defining "willfulness" to mean the "voluntary and
intentional violation of a known legal duty;" <u>United States v. Pomponio</u>, 429 U.S. 10,97 S.Ct. 22, 50 L.Ed.2d 12 (1976), <u>reh'g denied</u>, 429 U.S. 987,97 S.Ct. 510, 50 L.Ed.2d 600 (1976).  See Special Instruction 9, infra.

Other instructions are sometimes given concerning specific types of evidence as giving rise to an inference of guilty knowledge, and some such instructions have been approved (as indicated below), but the Committee recommends that, ordinarily, those subjects should be left to the argument of counsel and should not be addressed in the Court's charge.
United States v. Stewart, 579 F.2d 356 (5th Cir. 1978), <u>cert</u>. <u>denied</u>, 439 U.S. 936, 99 S.Ct. 332,58 L.Ed.2d 332 (1978) approved instruction on flight and concealment as justifying inference of guilty knowledge.

United States v. Barresi, 601 F.2d 193 (5th Cir. 1979) approved instruction concerning proof of falsity of Defendant's explanation as evidence of guifty knowledge; see also <u>United States v. Broadwell</u>, 870 F.2d 594, 601 n.17 (11th Cir. 1989), <u>cert</u>. <u>denied</u>, 493 U.S. 840, 110 S.Ct. 125, 107 L.Ed.2d 85(1989).

United States v. Knight, 607 F.2d 1172 (5th Cir. 1979) approved instruction concerning inference which might be drawn from refusal of Defendant to obey order requiring submission of handwriting exemplar.

United States v. Gastell, 584 F.2d 87 (5th Cir. 1978), <u>cert</u>. <u>denied</u>, 440 U.S. 925, 99 S.Ct. 1256, 59 L.Ed.2d 480 (1979); <u>United States v. Duckett</u>, 583 F.2d 1309 (5th Gir. 1978) approved instruction concerning inference of guilty knowledge which might be drawn from possession of recently stolen property.

But, United States v. Chiantese, 560 F.2d 1244, 1255 (5th Cir. 1977) (en banc) disapproved instruction to the effect that, absent evidence to the contrary, a person is presumed to intend the natural and probable consequences of his or her acts.

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO.  13

**10.4**

**<u>Caution - - Punishment</u>**
**<u>(Multiple Defendants - - Multiple Counts)</u>**

A separate crime or offense is charged against one or more of the Defendants in each count of the indictment. Each charge, and the evidence pertaining to it, should be considered separately. Also, the case of each Defendant should be considered separately and individually. The fact that you may find any one or more of the Defendants guilty or not guilty of any of the offenses charged should not affect your verdict as to any other offense or any other Defendant.

I caution you, members of the Jury, that you are here to determine from the evidence in this case whether each Defendant is guilty or not guilty. Each Defendant is on trial only for the specific offense alleged in the indictment.

Also, the question of punishment should never be considered by the jury in any way in deciding the case. If a Defendant is convicted the matter of punishment is for the Judge alone to determine later.

**ANNOTATIONS AND COMMENTS**

<u>United States v. Morales</u>, 868 F.2d 1562, 1572 (11th Cir. 1989) approved this instruction.

There may be cases in which the last sentence of the first paragraph of this instruction is inappropriate and should be deleted. This may occur, for example, in prosecutions under 18 USC § 1962 (RICO offenses) or 21 USC § 848 (Continuing Criminal Enterprise offenses) where the indictment is structured so that a conviction of one count or counts (sometimes called "predicate offenses") is necessary to a conviction of another count or counts.
.

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. _14_

**11**

**Duty To Deliberate**

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous.  In other words, to return a verdict you must all agree.  Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong.  But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

**ANNOTATIONS AND COMMENTS**

United States v. Brokemond, 959 F.2d 206, 209 (11th Cir. 1992) approved this instruction.  See also United States v. Cook, 586 F.2d 572 (5th Cir. 1978), reh'g denied, 589 F.2d 1114 (1979), cert. denied, 442 U. 5. 909, 99 S.Ct. 2821, 61 L.Ed.2d 274 (1979); United States v. Dunbar, 590 F.2d 1340 (5th Cir. 1979).

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 15

**12**

**Verdict**

When you go to the jury room you should first select one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at anytime, please write down your message or question and pass the note to the marshal who will bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally.  I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

**ANNOTATIONS AND COMMENTS**

United States v. Norton, 867 F.2d 1354, 1365-66 (11th Cir. 1989), cert. denied, 491 U.S. 907, 109 S.Ct. 3192, 105 L.Ed.2d 701 (1989) and 493 U.S. 871, 110 S.Ct. 200, 107 L.Ed.2d 154 (1989) notes that the Court should not inquim about, or disclose, numerical division of thejury during deliberations but states that "[r]eversal may not be necessary even wtiere the trial judge undertakes the inquiry and  thereafter follows it with an Allen charge, absent a showing that either incident or a combination of the two was inherently coercive."  Also, United States v. Brokemond, 959 F.2d 206,209(11th Cir. 1992)approved this instruction.  See also United States v. Cook, 586 F.2d 572 (5th Cir. 1978), reh'g denied, 589 F.2d 1114 (1979), cert. denied, 442 U.S. 909, 99 S.Ct. 2821, 61 L.Ed.2d 274 (1979).

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO.   16

**5**

**<u>Notetaking</u>**

In this case you have been permitted to take notes during the course of the trial, and most of you - - perhaps all of you - - have taken advantage of that opportunity and have made notes from time to time.

You will have your notes available to you during your deliberations, but you should make use of them only as an aid to your memory.  In other words, you should not give your notes any precedence over your independent recollection of the evidence or the lack of evidence; and neither should you be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been.

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO.  17

**13.1**

**General Conspiracy Charge
18 USC §371**

Title 18, United States Code, Section 371, makes it a separate Federal crime or offense for anyone to conspire or agree with someone else to do something which, if actually carried out, would amount to another Federal crime or offense. So, under this law, a "conspiracy" is an agreement or a kind of "partnership" in criminal purposes in which each member becomes the agent or partner of every other member.

In order to establish a conspiracy offense it is not necessary for the Government to prove that all of the people named in the indictment were members of the scheme; or that those who were members had entered into any formal type of agreement; or that the members had planned together all of the details of the scheme or the "overt acts" that the indictment charges would be carried out in an effort to commit the intended crime.

Also, because the essence of a conspiracy offense is the making of the agreement itself (followed by the commission of any overt act), it is not necessary for the Government to prove that the conspirators actually succeeded in accomplishing their unlawful plan.

What the evidence in the case must show beyond a reasonable doubt is:

> First: That two or more persons, in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan, as charged in the indictment;

> Second: That the Defendant, knowing the unlawful purpose of the plan, willfully joined in it;

> Third: That one of the conspirators during the existence of the conspiracy knowingly committed at least one of the methods (or

23

"overt acts") described in the indictment; and

Fourth: That such "overt act" was knowingly committed at or about the time alleged in an effort to carry out or accomplish some object of the conspiracy.

An "overt act" is any transaction or event, even one which may be entirely innocent when considered alone, but which is knowingly committed by a conspirator in an effort to accomplish some object of the conspiracy.

A person may become a member of a conspiracy without knowing all of the details of the unlawful scheme, and without knowing who all of the other members are. So, if a Defendant has a general understanding of the unlawful purpose of the plan and knowingly and willfully joins in that plan on one occasion, that is sufficient to convict that Defendant for conspiracy even though the Defendant did not participate before, and even though the Defendant played only a minor part.

Of course, mere presence at the scene of a transaction or event, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not, standing alone, establish proof of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of one, does not thereby become a conspirator.

**ANNOTATIONS AND COMMENTS**

18 USC § 371 provides:

If two or more persons conspire . . . to commit any offense against the United States . . . and one or more of such persons do any act to effect the object of the conspiracy, each [shall be guilty of an offense against the United States].

Maximum Penalty: Five (5) years imprisonment and applicable fine.

United States v. Horton, 646 F.2d 181, 186 (5th Cir. 1981), approved this instruction.

24

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO.  18

**7**

## Aiding And Abetting (Agency)
## 18 USC § 2

The guilt of a Defendant in a criminal case may be proved without evidence that the Defendant personally did every act involved in the commission of the crime charged. The law recognizes that, ordinarily, anything a person can do for one's self may also be accomplished through direction of another person as an agent, or by acting together with, or under the direction of, another person or persons in a joint effort.

So, if the acts or conduct of an agent, employee or other associate of the Defendant are willfully directed or authorized by the Defendant, or if the Defendant aids and abets another person by willfully joining together with that person in the commission of a crime, then the law holds the Defendant responsible for the conduct of that other person just as though the Defendant had personally engaged in such conduct.

However, before any Defendant can be held criminally responsible for the conduct of others it is necessary that the Defendant willfully associate in some way with the crime, and willfully participate in it.

Mere presence at the scene of a crime and even knowledge that a crime is being committed are not sufficient to establish that a Defendant either directed or aided and abetted the crime. You must find beyond a reasonable doubt that the Defendant was a willful participant and not merely a knowing spectator.

**ANNOTATIONS AND COMMENTS**

United States v. Broadwell, 870 F.2d 594, 607 (11th Cir. 1989), cert. denied, 493

U.S. 840, 110 S.Ct. 125, 107 L.Ed.2d 85 (1989) approved this instruction. See also

United States v. Walker, 621 F.2d 163 (5th Cir. 1980), cert. denied, 450 U.S. 1000, 101 S.Ct. 1707, 68 L.Ed.2d 202 (1981).

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO.  19

**66.1**

**Interference With Commerce By Extortion**
**Hobbs Act - - Racketeering**
**(Force Or Threats Of Force)**
**18 USC § 1951(a)**

Title 18, United States Code, Section 1951(a), makes it a Federal crime or offense for anyone to extort something from someone else and in doing so to obstruct, delay or affect commerce or the movement of articles in commerce.

The Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

> First: That the Defendant induced the person described in the indictment to part with property;
>
> Second: That the Defendant did so knowingly and willfully by means of "extortion," as hereafter defined; and
>
> Third: That the extortionate transaction delayed, interrupted or affected commerce.

The term "property" includes not only money and other tangible things of value, but also includes any intangible right considered as a source or element of income or wealth.

Extortion means to obtain property from someone else with that person's consent, but whose consent is brought about or induced by the wrongful use of actual or threatened force, violence or fear.

The term "fear" means a state of anxious concern, alarm or apprehension of harm, and it includes fear of economic loss as well as fear of physical violence.

27

The term "wrongful" means to obtain property unfairly and unjustly by one having no lawful claim to it.

While it is not necessary to prove that the Defendant specifically intended to affect commerce, it is necessary that the Government prove that the natural consequences of the acts alleged in the indictment would be to delay, interrupt or affect "commerce," which means the flow of commerce or business activities between a state and any point outside of that state.

You are instructed that you may find that the requisite affect upon commerce has been proved if you find beyond a reasonable doubt that the Auburn Police Department lost revenues that which would have been used to purchase firearms, vehicles, and gasoline.

## ANNOTATIONS AND COMMENTS

18 USC § 1951(a) provides:

Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce . . . by extortion [shall be guilty of an offense against the United States].

Maximum Penalty: Twenty (20) years imprisonment and applicable fine.

In United States v. Blanton, 793 F.2d 1553 (11th Cir. 1986), the Eleventh Circuit upheld the District Court's refusal to instruct the jury that the Defendant must cause or threaten to cause the force, violence or fear to occur. The Court explained that the Defendant need only be aware of the victim's fear and intentionally exploit that fear to the Defendant's own possible advantage.

In United States v. Kaplan, 171 F.3d 1351, 1356-58 (11th Cir. 1999), the Eleventh Circuit held that under § 1951 the affect on commerce need not be adverse. The effect on commerce can involve activities that occur outside of the United States. See, e.g. Kaplan, 171 F.3d at 1355-58 (use of interstate communication facilities and claimed travel to carry out extortion scheme's object, which was the movement of substantial funds from Panama to Florida, constituted sufficient affect under § 1951).

The commerce nexus for an attempt or conspiracy under § 1951 can be shown by evidence of a potential impact on commerce or by evidence of an actual, de minimis impact on commerce. Kaplan, 171 F.3d at 1354 (citations omitted). In the case of a substantive offense, the impact on commerce need not be substantial. See id.; see also United States v. Le, 256 F.3d 1229 (11th Cir. 2001).

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO.   20

**66.2**

**Interference With Commerce By Extortion**
**Hobbs Act - - Racketeering**
**(Color Of Official Right)**
**18 USC § 1951(a)**

Title 18, United States Code 1951(a), makes it a Federal crime or offense for anyone to extort

something from someone else and in doing so to obstruct, delay or affect commerce or the movement

of articles in commerce.

The Defendant can be found guilty of that offense only if all of the following facts are proved

beyond a reasonable doubt:

> First: That the Defendant induced the
> person described in the indictment
> to part with property;
>
> Second: That the Defendant did so
> knowingly and willfully by means of
> "extortion," as hereafter defined;
> and
>
> Third: That the extortionate transaction
> delayed, interrupted or affected
> commerce.

The term "property" includes not only money and other tangible things of value, but also

includes any intangible right considered as a source or element of income or wealth.

The term "extortion," in this context, means the wrongful acquisition of property from

someone else under color of official right.

29

Extortion "under color of official right" is the wrongful taking or receipt by a public officer of property not due to the officer knowing that the payment or property was taken or received in return for performing or withholding official acts.

The term "wrongful" means to obtain property unfairly and unjustly by one having no lawful claim to it.

While it is not necessary to prove that the Defendant specifically intended to affect commerce, it is necessary that the Government prove that the natural consequences of the acts alleged in the indictment would be to delay, interrupt or affect "commerce," which means the flow of commerce or business activities between a state and any point outside of that state.

You are instructed that you may find that the requisite affect upon commerce has been proved if you find beyond a reasonable doubt that the Auburn Police Department lost revenues that which would have been used to purchase firearms, vehicles, and gasoline.

## ANNOTATIONS AND COMMENTS

18 USC § 1951(a) provides:

(a) Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, ...by extortion [shall be guilty of an offense against the United States].

18 USC § 1951 (b)(2) provides:

The term "extortion" means the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right.

Maximum Penalty: Twenty (20) years imprisonment and applicable fine.

In United States v. Martinez, 14 F.3d 543 (11th Cir. 1994), the Eleventh Circuit acknowledged that a Hobbs Act conviction for extortion under color of official right requires proof of a quid pro quo. See United States v. Evans, 504 U.S. 255, 112 S.Ct. 1881, 119 L.Ed.2d 57 (1992); McCormick v. United States, 500 U.S. 257, 111 S.Ct. 1807, 114 L.Ed.2d 307 (1991). Fulfillment of the quid pro quo is not an element of the offense.

In United States v. Kaplan, 171 F.3d 1351, 1356-58 (11th Cir. 1999), the Eleventh Circuit held that under § 1951 the affect on commerce need not be adverse. The effect on commerce can involve activities that occur outside of the United States. See, e.g. Kaplan, 171 F.3d at 1355-58 (use of interstate communication facilities and claimed travel to carry out extortion scheme's object, which was the movement of substantial funds from Panama to Florida, constituted sufficient affect under § 1951).

The commerce nexus for an attempt or conspiracy under § 1951 can be shown by evidence of a potential impact on commerce or by evidence of an actual, de minimis impact on commerce. Kaplan, 171 F.3d at 1354 (citations omitted). In the case of a substantive offense, the impact on commerce need not be substantial. See id.; see also United States v. Le, 256 F.3d 1229 (11th Cir. 2001).

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO.  21

**(No Pattern Instruction)**

**<u>Tampering With A Witness</u>**
**<u>18 USC § 1512(b)(3)</u>**

Title 18, United States Code, Section 1512(b)(3), makes it a Federal crime or offense for anyone [to use intimidation] [to use physical force] [to threaten another person] with intent to hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense.

The Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

> First: That the Defendant used [intimidation] [physical force] [threats] against such person, as charged;

> Second: That the Defendant did so knowingly and willfully with the intent to [hinder] [delay] [prevent] the communication to a law enforcement officer or United States Judge; and

> Third: The communication related to the commission or possible commission of a Federal offense.

To "intimidate" someone means to intentionally say or do something that would cause a person of ordinary sensibilities to be fearful of bodily harm. It is not necessary for the Government to prove, however, that the victim was actually frightened, and neither is it necessary to prove that the behavior of the Defendant was so violent that it was likely to cause terror, panic or hysteria.

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. _22_

**(No Pattern Instruction)**

**Tampering With A Witness**
**18 USC § 1512(c)(1)**

Title 18, United States Code, Section 1512(c)(1), makes it a Federal crime or offense for anyone to corruptly alter, destroy, or mutilate an object, or attempt to do so, with intent to impair the object's integrity or availability for use in an official proceeding..

The Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

First: That the Defendant corruptly
altered, destroyed, or mutilated an object;

Second: That the Defendant did so
with intent to impair the object's integrity
or availability for use in an official proceeding; and

33

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO.   23

**Conjunctive Charging**

"[W]here an indictment charges in the conjunctive several means of violating a statute, a conviction may be obtained on proof of only one of the means, and accordingly the jury instruction may be properly framed in the disjunctive."  United States v. Simpson, 228 F.3d 1294, 1300 (11th Cir. 2000).

In other words, where the word "and" is used in the indictment to charge a defendant with different means by which the crime was committed, the Government need only prove one of those means beyond a reasonable doubt to convict the defendant, although you must all agree on which means was proved beyond a reasonable doubt.