```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE MIDDLE DISTRICT OF ALABAMA
                       NORTHERN DIVISION

UNITED STATES OF AMERICA,      *
                               *
     Plaintiff,                *
                               *
V.                             *      CR.NO. 3:05-CR-234-WHA
                               *
TYRONE WHITE and               *
ADAM FLOYD,                    *
                               *
     Defendant.                *
```

**JOINT MOTION FOR JUDGMENT OF ACQUITTAL OR NEW TRIAL**

Come now defendants Tyrone White and Adam Floyd, by counsel, and file this Joint Motion for Judgemnt of Acquittal/or New Trial and in support thereof submit the following:

1. The defendants were jointly indicted and charged with conspiracy to fix Municipal Court cases in Auburn, Alabama in violation 18 U.S.C. 1951 (Hobbs Act). (See Count 1 of the superceding indictment Doc. No. 140).

2. Both defendants were also indicted and charged with a number of substantive violations of 18 U.S.C. 1951: (a) the defendants were jointly charged with aiding and abetting one another to violate 18 U.S.C. 1951 in Counts 2, 3, 4 and 5; (b) Defendant Tyrone White was charged with substantive violations of 18 U.S.C. 1951 in Counts 6 through 12;

1

(c) Defendant Tyrone White was also charged in Counts 13 and 14 with hindering communication pursuant to 18 U.S.C. 1512 (b)(3) and destruction of evidence pursuant to 18 U.S.C. 1512 (c)(1). Counts 13 and 14 are not a subject of this motion.

3. The testimony for the jury trial in this case began on October 31, 2006. On November 2, 2006, the Government rested its case against both defendants. Both defendants moved for Judgment of Acquittal. The court granted judgment of acquittal as to all Hobbs Act counts only as to the element of fear. As to defendant Floyd the court granted judgment of acquittal as to all charges of conspiracy for any action after the events involved in count 5. The court denied both defendants motions which alleged a failure to prove the interstate commerce element of the Hobbs Act. As to defendant White the Court granted judgment of acquittal as to counts 11 and 12. (See Doc. No. 186).

4. On November 3, 2006, the jury found Defendant Adam Floyd guilty of Counts 1, 4 and 5; and found Defendant White guilty of Counts 1,4 through 10 and counts 12-14. (See Doc. No. 186).

**I.**

5. The defendants contend that the Government failed to prove an affect on interstate commerce which is a necessary

element of proof for a Hobbs Act prosecution. <u>United States v. Castleberry</u>, 116 F. 3d 1384, 1386 (11th Cir. 1997).

6. The Government introduced evidence of a number of municipal court cases that were nolle prossed but failed to present any evidence that a specific amount of money was lost by the City of Auburn as a result of those dismissed cases in Municipal Court. The Government called as a witness the City of Auburn Treasurer who testified as to the City revenues and expenditures for the time period in question. The Treasurer also testified that court fines are paid into the City Treasury. But the government failed to prove through the City Treasurer's testimony or any other testimony that the dismissal of the cases at issue had any affect on the City's expenditures for items passing in interstate commerce such as gasoline for police cars, purchases of firearms for police officers or purchases of vehicles for police officers.

7. <u>United States v. Castleberry</u>, 116 F. 3d 1384, 1387 (11th Cir. 1997) holds that the Government need only prove a minimal affect on interstate commerce to support a violation of the Hobbs Act. It is the defendants contention that in <u>Castleberry</u> and other cases cited therein there was some actual economic loss that was proven by the Government that had an affect on interstate commerce, either through expert

testimony or some monetary amount.  In the instant case there is not one shred of evidence of any monetary impact on interstate commerce and there was no expert evidence of economic impact.

8. There was no evidence presented as to what fine amount if any the City of Auburn may have lost in these cases. There was no evidence offered as to what disposition the Municipal Court may have entered in the cases at issue. Defendants request that this Court take judicial notice of certain workings of the criminal justice system that: (a) there first must be a conviction before a disposition of guilty can be entered; (b) it is common for case to be plea bargained which may involve no fines being imposed as part of the disposition; and (c) the imposition of fines is discretionary with the Court - just because one is convicted does not necessarily mean that a fine would be imposed. The Hobbs Act requires there be an affect on interstate commerce, but the Government only showed speculation that commerce was affected.

9. In regards to motions for judgment of acquittal it has been stated that:

> We review de novo the disposition of a defendant's properly preserved motion for judgment of acquittal...We must determine whether 'a reasonable fact - finder could

>conclude that the evidence established the defendant's guilt beyond a reasonable doubt.'... In so determining we must 'view the facts and draw all reasonable inferences therefrom in the light most favorable to the government.'...'Reasonable inferences, <u>and not mere speculation</u>, must support the jury's verdict.'...(emphasis added)

<u>United States v. Weathers</u>, 161 Fed. Appx. 854; 2006 U.S. App. Lexis 319 (11th Cir. 2006)(non-published case). In the instant case there is no reasonable inference from the evidence that interstate commerce was affected. The Government's case is based on mere speculation that the cases that were nolle prossed would have had an affect on interstate commerce. The Government fails where there was no proof that any assets of the city were depleted. In fact the evidence presented by the Government showed that the assets of the City of Auburn far exceeded the expenditures in the years in question. See Government Exhibit 34.

   10. Therefore, it is the defendants contention that the Government failed to prove an affect upon interstate commerce which is an essential element of the crime charged under 18 U.S.C. 1951, and that judgment of acquittal shall be granted as to all Hobbs Act counts.

**II.**

   11. The defendants respectfully contend that the Court's

charge to the jury that "It is only necessary for the Government to prove a minimal effect on interstate commerce" was error. See page 10 of the Court's written charge to the jury. (Doc. No. 183). Although <u>Castleberry</u> stands for the proposition that the affect on commerce proven must only be minimal, defendants contend that holding was in the context of sufficiency of the evidence and not jury instructions. Counsel for defendants have been unable to find any cases approving a jury instruction specifically defining the effect on interstate commerce as only minimal. The Eleventh Circuit approved jury charges do not use the term "minimal". Although <u>Castleberry</u> rejected an argument that <u>U.S. v. Lopez</u>, 514 U.S. 549 (1995) stands for the proposition that the affect on interstate commerce must be substantial, it is defendants contention that the Supreme Court has not ruled on that specific issue regarding the Hobbs Act. In <u>Lopez</u> the Supreme Court stated:

> But even these modern-era precedents which have expanded congressional power under the Commerce Clause confirm that this power is subject to outer limits. In <u>Jones & Laughlin Steele</u>, the Court warned that the scope of the interstate commerce power 'must be considered in the light of our dual system of Government and may not be extended so as to embrace effects upon interstate commerce <u>so indirect and remote</u> that to embrace them, in view of our complex society, would effectively

6

>obliterate the distinction between what is national and what is local and create a completely centralized Government...(Congress may regulate intrastate activity that has a 'substantial effect' on interstate commerce); <u>Wickard</u>, supra at 125(Congress may regulate activity that 'exerts a substantial economic effect on interstate commerce'). Since that time, the Court has heeded that warning and undertaken to decide whether a rational basis existed for concluding that a regulated activity sufficiently affected interstate commerce....(Emphasis added).

See <u>United States v. Lopez</u>, 514 U.S. 549, 115 Sup. Ct. 1624, 1628-29, 131 L. Ed. 2nd 626, (2000). <u>Castleberry</u> distinguished <u>Lopez</u> because the Hobbs Act contains a jurisdictional requirement and <u>Lopez</u> did not.("Because the Hobbs Act contains this jurisdictional element, we continue to hold...."). <u>Lopez</u>, 116 F. 3d at 1387. It is contended that even though there is a jurisdictional requirement in the Hobb's Act it is still an essential element of the crime that must be proven beyond a reasonable doubt.

    12. It is respectfully contended that (a) the Court's charge to the jury on "minimal" effect on interstate commerce was an incorrect statement of the law or was confusing to the jury, (b) that the use of the word "minimal" in the jury instructions added an element not present in the statute, thus violating defendants Fifth Amendment rights to due process,

and (c) that based upon the argument in Section I above the Government failed to prove a substantial affect on interstate commerce.

13. Wherefore, based upon the above defendants request that the Court issue a judgment of acquittal as to all Hobbs Act counts based upon the Government failure to prove a substantial affect on interstate commerce, or that a new trial be granted based upon an incorrect instruction to the jury that the effect on commerce need only be minimal as argued above.

14. This motion is filed pursuant to Rules 29(c)and 33(b)(2) of the Federal Rules of Criminal Procedure, and is timely pursuant to Rule 45 (a)(2)&(4) of the Federal Rules of Criminal Procedure.

Respectfully submitted this 14th day of November, 2006.

s/Jeffery C. Duffey
JEFFERY C. DUFFEY
Attorney for Defendant Adam Floyd
600 South McDonough Street
Montgomery, AL 36104
Phone: 334-834-4100
Fax: 334-834-4101
email: jcduffey@aol.com
Bar No. ASB7699F67J

> s/Russell T. Duraski
> RUSSELL DURASKI
> Attorney for Tyrone White
> 6332 Woodmere Blvd.
> Montgomery, AL 36117
> Phone: 334-260-9733
> Fax: 334-260-0735
> email: [duraskilaw@charter.net](mailto:duraskilaw@charter.net)
> Bar No.ASB1792R47R

**CERTIFICATE OF SERVICE**

I hereby certify that on November 14, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Todd Brown and
David Cook
AUSA
P.O. Box 197
Montgomery, AL 36101

> Respectfully submitted,
>
> s /Jeffery C. Duffey
> JEFFERY C.  DUFFEY