## IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

RECEIVED

2007 MAY -2  A 11: 34

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| V. | * | CR.NO. 3:05-CR-234-WHA |
| | * | |
| TYRONE WHITE, | * | |
| | * | |
| Defendant. | * | |

## MOTION FOR RELEASE PENDING APPEAL

### Introduction

The defendant, Tyrone White, hereby moves for an order setting conditions of release pending his appeal pursuant to 18 U.S.C. 3143. The defendant submits that he satisfies all of the criteria necessary for such release.

### Factual Background

The defendant, Tyrone White, was charged in a superseding indictment with conspiracy to fix municipal court cases in Auburn, Alabama in violation of 18 U.S.C. 1951 (Hobbs Act) and eleven substantive violations thereof;as well as one count of destroying evidence,

18U.S.C.1512 and one count of tampering with a witness, 18 U.S.C. 1512 (Doc. 140). On November 3, 2006, a jury found the defendant guilty of conspiracy and two substantive counts charged in the indictment. (Doc. 186).

On November 14, 2006, defendant White filed a joint motion with co-defendant Adam Floyd for judgment of acquittal or new trial. (Doc. 191). In that motion defendant raised two issues: (1) that the government failed to prove an affect on interstate commerce which is a necessary element of proof for a Hobbs Act prosecution; and (2) that the court's charge to the jury that "It is only necessary for the Government to prove a minimal effect on interstate commerce was error. On February 2, 2007, this Court denied defendant's motion for judgment of acquittal/new trial. (Doc. 204).

On April 10, 2007 [entered April 11, 2007], this Court sentenced defendant to a term of 30 months imprisonment. This Court also ordered defendant to voluntarily surrender to a designated Bureau of Prisons institution by May 23,

2007. (Doc. 212). Defendant timely filed notice of appeal on April 16, 2007. (Doc. 216).

## Law and Argument

A defendant may be released on bail pending appeal if the requirements set out in 18 U.S.C. 3143(b) are met. Section 3143(b) provides as follows:

> (b) Release or detention pending appeal by the defendant.
>
> (1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds–
>
> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this *title [18 USCS § 3142(b) or (c)]*; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in–

(i) reversal,

(ii) an order for a new trial,

(iii) a sentence that does not include a term of imprisonment, or

(iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of this title [18 USCS § 3142(b) or (c), except that in the circumstance described in subparagraph (B)(iv) of this paragraph, the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence.

The Eleventh Circuit has held that the District Court must find the following four factors in order to grant bail pending appeal pursuant to 18 U.S.C. 3143(b):

(1) that the defendant is not likely to flee or pose a danger to the safety or any other person or the community if released;

(2) that the appeal is not for purposes of delay,

(3) that the appeal raises a substantial question

of  law or fact; and

(4) that if the substantial question is determined
favorably to defendant on appeal, that decision is
likely to result in reversal or an order for a new
trial of all counts for which imprisonment has
been imposed.

U.S. v. Giancola, 754 F. 2nd 898, 901 (11th Cir. 1985).

**(1) THAT THE DEFENDANT IS NOT LIKELY TO FLEE OR POSE A
DANGER TO THE SAFETY OF ANY OTHER PERSON OR THE COMMUNITY
IF RELEASED.**

Defendant was released pre-trial on a $25,000.00 none-

surety bond entered on February 7, 2006.  (Doc. 146).

Defendant was released subsequent to the guilty verdict on

November 3, 2006 under the same previous conditions of

release.  (Doc. 187).  The defendant was released under the

same conditions as previously set at the conclusion of his

sentencing on April 10, 2007.  (Doc. 209).  Defendant was

ordered to voluntarily surrender to a designated Bureau of

Prisons institution on or before May 23, 2007 (Doc. 212,

p.2).  Based upon the above the defendant has previously

met the conditions that he is not likely to flee or pose a

danger to the safety of any other person or the community,

therefore it is contended that defendant meets the first criteria of § 3143(b).

### (2) THAT THE APPEAL IS NOT FOR PURPOSES OF DELAY

Defendant did not file a notice of appeal for purposes of delaying his sentence, but is pursing his appeal to seek reversal of his conviction. He believes his issues have merit and raise substantial questions of law and fact, as more fully set out in section 3 below.

### (3) THAT THE APPEAL RAISES A SUBSTANTIAL QUESTION OF LAW OR FACT.

U. S. v. Giancola, supra, rejected the argument that a district court may grant bail only if it finds that its own rulings are likely to be reversed on appeal. 754 F.2nd at 900. The Giancola Court held that:

> A 'substantial question' is one of more substance than would be necessary to a finding that it was not frivolous, It is a 'close' question or one that very well could be decided the other way. Further, there are no blanket categories for what questions do or do not constitute 'substantial' ones. Whether a question is 'substantial' must be determined on a case by case basis.

Id. 754 F. 2nd at 901.

The "substantial question" issue was also addressed in

U.S. v Hicks, 611 F. Supp. 497,499,500 (S.D.Fla. 1985):

> As Justice Douglas noted in *Herzog v. United
> States, 99 L. Ed. 1299, 75 S.Ct. 349, 350 (1955)*,
> "the construction of the words 'substantial
> question' is itself a substantial question." While
> it is clear that this Court must look into the
> nature of the appeal to make a determination that
> there is a "substantial question," it is also
> clear that it is not the role of this Court to
> substitute itself for the appellate court in
> deciding the ultimate merits of the appeal. In
> order to obtain bond, a defendant is not required
> to convince a trial court that it committed
> reversible error.
>
> Thus, in determining whether there is a
> substantial question, a court must keep in mind
> that it is not being asked to reverse its position
> on issues decided at trial, nor is it being asked
> to grant a new trial. It must decide only that a
> significant issue exists that merits appellate
> review and that the issue is critical enough to
> the defendant's conviction that a contrary
> appellate ruling would warrant a reversal. *See
> United States v. Miller, 753 F.2d 19, 23 (3d Cir.
> 1985); accord United States v. Giancola, 754 F.2d
> 898, 900 (11th Cir. 1985)* (per curiam); *United
> States v. Handy, 753 F.2d* [**7]  *1487, 1489 (9th
> Cir. 1985)* (per curiam).
>
>                    *   *   *
>
> The question may be "substantial" even though the
> judge or justice hearing the application for bail
> would affirm on the merits of the appeal.  The
> question may be new or novel. It may present

unique facts not plainly covered by the
controlling precedents. It may involve important
questions concerning the scope and meaning of
decisions of the Supreme Court. The application of
well-settled principles to the facts of the
instant case may raise issues that are fairly
debatable.

Defendant expects to present the following issues on

appeal, but reserves the right to present other issues

after a thorough review of the record

**PROOF OF AFFECT ON INTERSTATE COMMERCE**

This Court relied upon <u>U.S. v. Castleberry</u>, 116 F.3d

1384 (11th Cir 1997) in denying his post judgment motion on

this sufficiency of evidence question.  See Doc. 204,p. 11.

The defendant contends the facts of his case are

sufficiently different from <u>Castleberry</u> to merit review of

his conviction.  In <u>Castleberry</u> an expert testified about

the effect on interstate commerce caused by DUI cases.

There was no expert testimony like <u>Castleberry</u> in

defendant's case and none of the charges against defendant

involved DUI.  There was evidence in <u>Castleberry</u> that the

lack of DUI fines "decreased the amount of revenue the City

was able to spend in interstate commerce." Id. 116 F. 3d
at 1388. But there was no evidence in the instant case to
prove the City of Auburn had less revenue to spend in
interstate commerce. Defendant has previously shown that
the amount the Government says was extorted was speculative
and so negligible as to have no actual or potential affect
on interstate commerce. See Doc. 201, p.2-7. Castleberry
held that all that is required is proof of a minimal
effect. Id. 116 F.3d at 1388. But is an amount that is so
small the same as "minimal." Defendant is unable to find
any definition of what "minimal" means in the case law. Is
one dollar sufficient in a million dollar budget? Does the
absence of one dollar in a million dollar budget deplete
the assets to the point of having an affect on that budget?
If so then there is no limit to federal jurisdiction in
Hobbs Act cases. The Supreme Court has stated:

> But even these modern-era precedents
> which have expanded congressional power
> under the Commerce Clause confirm that
> this power is subject to outer limits.
> In Jones & Laughlin Steele, the Court
> warned that the scope of the interstate

commerce power 'must be considered in the
light of our dual system of Government
and may not be extended so as to embrace
effects upon interstate commerce so
indirect and remote that to embrace them,
in view of our complex society, would
effectively obliterate the distinction
between what is national and what is
local and create a completely centralized
Government...(Congress may regulate
intrastate activity that has a
'substantial effect' on interstate
commerce); Wickard, supra at 125(Congress
may regulate activity that 'exerts a
substantial economic effect on interstate
commerce'). Since that time, the Court
has heeded that warning and undertaken to
decide whether a rational basis existed
for concluding that a regulated activity
sufficiently affected interstate
commerce....(Emphasis added).

See United States v. Lopez, 514 U.S. 549, 115 Sup. Ct.

1624, 1628-29, 131 L. Ed. 2nd 626, (2000). In U.S. v.

Kaplan, 171 F. 3d 1351 (11th Cir. 1999) four judges

dissented and expressed the opinion that "[t]he majority's

holding will result in the federalization of any crime

involving extortion to acquire money." Id. 171 F. 3d at

1358. Defendant believes the facts of his case are more

favorable that in Kaplan and desires to test those facts

before the appellate court.

**JURY INSTRUCTION ISSUE**

The defendant concedes now as he did in his post judgement motion that current Eleventh Circuit law holds that only a minimal effect on interstate commerce is the required proof for a Hobbs Act conviction. It is defendant's contention that is a legal question for the court to determine in deciding whether the case goes to a jury. Defendant contends that once the jury has the case and is instructed that it only has to find a minimal affect on interstate commerce, that adds a term not contained in the statute and is sufficiently vague so as to violate his right to due process. The word minimal modifies the word affect, and defendant contends thereby improperly guides the jury in such a substantial way as to violate due process. Defendant does not have a case on point. This may be an issue of first impression in relation to these facts and the statute involved.

Therefore it is contended that defendant meets this

criteria of § 3143(b).

**(4) THAT IF THE SUBSTANTIAL QUESTION IS DETERMINED FAVORABLY TO DEFENDANT ON APPEAL, THE DECISION IS LIKELY TO RESULT IN REVERSAL OR AN ORDER FOR A NEW TRIAL OF ALL COUNTS FOR WHICH IMPRISONMENT HAS BEEN IMPOSED.**

The sufficiency of the evidence is a question of law that the appellate court reviews de novo. If the evidence is insufficient the conviction should be reversed. U.S. v. To, 144 F.3d 737 (11th Cir. 1998); U.S. v. Thomas, 987 F. 2d 697 (11th Cir. 1993).

A jury instruction issue on appeal presents a question of law and is reviewed de novo. U.S. v. Tokars, 95 F.3d 1520 (11th Cir. 1996). A defendant may be entitled to have his conviction reversed if he shows that the "issues of law were presented inaccurately or the charge improperly guided the jury in such a substantial way as to violate due process." U.S. v. Schlei, 122 F. 3d 944, 969 (11th Cir. 1997).

Therefore if defendant were to prevail on either issue he meets this criteria of § 3143(b).

## CONCLUSION

Wherefore based upon the above the defendant respectfully requests that he be release pending his appeal.

Submitted this 2nd day of May, 2007.

Russell T. Duraski (DUR007)
Attorney for Defendant Tyrone White
6332 Woodmere Blvd.
Montgomery, AL  36117
Phone: 334-260-9733
Fax: 334-260-9735
email: duraskilaw@charter.net

**CERTIFICATE OF SERVICE**

I hereby certify that on May 2, 2007, I served a copy of the foregoing on the parties named below by pacing a copy of the same in the U.S. Mail, properly addressed and postage prepaid:

Todd Brown and
David Cook
AUSA
P.O. Box 197
Montgomery, AL 36101

Respectfully submitted,

Russell T. Duraski _____
Attorney for Defendant
Tyrone White