IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| v. | ) CR. NO. 3:05-CR-0234-WHA |
| | ) |
| | ) |
| TYRONE WHITE | ) |

**RESPONSE TO SHOW CAUSE ORDER REGARDING
DEFENDANT'S MOTION FOR RELEASE PENDING APPEAL**

COMES NOW the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and files the above-captioned response as follows:

## I. PROCEDURAL POSTURE

1. A federal grand jury indicted Defendant ("White") on May 2, 2006 of conspiring with his codefendant Adam Floyd ("Floyd") to violate the Hobbs Act (Count 1), with eleven substantive Hobbs Act violations (Counts 2-12), and with two counts related to witness intimidation and evidence tampering (Counts 13, 14). (Doc. # 140).

2. After a jury trial, White was found guilty of the conspiracy count (Count 1), seven substantive Hobbs Act counts (Counts 4-10), and the two counts related

to witness intimidation and evidence tampering (Counts 13, 14), on November 3, 2006. (Doc. # 185). The jury acquitted White of two substantive Hobbs Act counts (Counts 2 and 3). Id.

3. Following the trial, on November 14, 2006, White and Floyd filed a Joint Motion for Judgment of Acquittal or for New Trial. (Doc. #191). The gist of the Joint Motion was that the United States presented insufficient evidence that White and Floyd's conduct affected interstate commerce. Id. The United States responded to the Joint Motion on December 21, 2006. (Doc. #199).

4. On February 2, 2007, this Court granted in part, and denied in part, the defendants Joint Motion. (Doc. # 204). Specifically, this Court granted White's motion for judgment of acquittal on Counts 6, 7, and 10 (substantive Hobbs Acts counts on which the jury found White guilty); denied Floyd's motion for judgment of acquittal; and denied both defendants' motions for new trial. Id.

5. On April 10, 2007, this Court conducted a sentencing hearing regarding both White and Floyd. (Doc. # 210, 211). At that hearing, this Court sentenced White to 30 months imprisonment. (Doc. # 213). At the conclusion of the hearing, this Court concurred with the recommendation of the United States Probation officer assigned to this case that both defendants be allowed to self-surrender to the Federal Bureau of Prisons on May 23, 2007. (Doc. # 210, 211).

6. On April 16, 2007, White filed timely notice of appeal. (Doc. # 214). White then filed a motion for release pending the outcome of his appeal on May 2, 2007. (Doc. # 226). This Court ordered the United States to respond to White's motion on that same day. (Doc. # 227). That response follows.

## II. RELEASE OF DEFENDANT PENDING APPEAL

7. A judicial officer shall detain a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed for an appeal, unless that judicial officer finds:

> (A) by clear and convincing evidence that the person is no likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of [Title 18]; *and*
> (B) that the appeal is not for the purpose of delay *and* raises a substantial question of law or fact likely to result in—
> > (i) reversal,
> > (ii) an order for new trial,
> > (iii) a sentence that does not include a term of imprisonment, or
> > (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1) (emphasis added).

8. In order for this Court to grant White bail while his appeal is pending, it must find the following four factors: (1) he is not likely to flee or pose a danger to the safety of any other person or the community if released; (2) his appeal is not for the purpose of delay; (3) his appeal raises a substantial question of law or fact;

3

and, (4) if that substantial question is decided in White's favor on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed. United States v. Giancola, 754 F.2d 898, 901 (11th Cir. 1985). The burden of establishing these factors is on White. Id.

### III. DISCUSSION

#### A. Is Defendant a Flight Risk/Danger to Community?

9.   This Court has, at White's sentencing, previously determined that he does not pose a flight risk or a danger to the community. The United States has no new evidence to present on this factor.

#### B. Is Appeal for Purpose of Delay?

10.  White contends that his appeal is not being filed for purposes of delay. The United States has no evidence to present which would contradict that assertion.

#### C. Does Appeal Raise Substantial Question of Law/Fact?

11.  The crux of the detention issue in this matter is resolution of this factor. White claims that because his version of the facts elicited at trial warrant a result different than those in similar reported cases, he raises a substantial question of law or fact. This assertion is misplaced and without merit.

12. In adopting the Third Circuit's interpretation of the Bail Reform Act's bond pending appeal requirements, the Eleventh Circuit defines a "substantial question" to be "one of more substance than would necessary to a finding that it was not frivolous. It is a 'close' question or one that very well could be decided the other way." Giancola, 754 F.2d at 901. Because White has failed to meet his burden of showing his issues are either (1) novel; (2) have not been decided by controlling precedent;[1] or (3) are fairly doubtful, his request for release pending appeal are due to be denied.

13. White raises two claims which he contends raises a substantial question:

    a. <u>Effect on Interstate Commerce</u>. White claims that this Court erred in finding that the United States presented sufficient evidence to meet the interstate nexus element of his Hobbs Act convictions and his conviction for conspiring to commit the Hobbs Act. Following his attempts to persuade this Court on this issue at trial, and in his post-trial motion for acquittal, White attempts to argue, yet again, that his conduct impacted interstate commerce in such a small way that it

---

[1] In adopting the Third Circuit's interpretation on this issue, it noted that the Third Circuit did not discuss "that an issue may be without controlling precedent largely because that issue is so patently without merit that it has not been found necessary for it to have been resolved. Thus, an issue could well be insubstantial even though one could not point to controlling precedent. Similarly, there might be no precedent in this circuit, but there may also be no real reason to believe that this circuit would depart from unanimous resolution of the issue by other circuits." Giancola, 754 F.2d at 901. Because the issues raised by White have been visited by this Circuit, these circumstances do not apply in the instant matter.

could not meet the threshold "minimal effect" required by United States v. Castleberry, 116 F.3d 1384 (11th Cir. 1997). (Doc. # 222, at 8). White admits that Castleberry requires the Government prove only that a Hobbs Act defendant's conduct have a minimal effect on interstate commerce. Id. White merely suggests that the amount presented at trial was somehow less than minimal. Id.

      b. Without discussing the matter as fully as the United States has previously done in its response to White's motion for acquittal, it is a correct statement of the law that the Government need only prove a minimal effect on interstate commerce. United States v. Verbitskaya, 406 F.3d 1324, 1331-32 (11th Cir. 1995) ("This Circuit has long held that the jurisdictional element under the Hobbs Act can be met simply by showing that the offense had a 'minimal' effect on commerce."), cert. denied, __ U.S. __, 126 S.Ct. 1095 (2006); Castleberry, 116 F.3d at 1387 ("[t]he Government still needs to show only a minimal effect on interstate commerce to support a conviction under the Hobbs Act."), citing United States v. Atcheson, 94 F.3d 1237, 1242 (9th Cir. 1996), cert. denied, 519 U.S. 1156 (1997), United States v. Bolton, 68 F.3d 396, 399 (10th Cir. 1995), cert. denied, 516 U.S. 1137 (1996), United States v. Stillo, 57 F.3d 553, 558 n.2 (7th Cir.), cert. denied, 516 U.S. 945 (1995), and, United States v. Farmer, 73 F.3d 836, 843 (8th Cir.), cert. denied, 518 U.S. 1028 (1996). Thus, as it is clear that this issue is neither novel, without circuit precedent, nor fairly doubtful, White has failed to

meet his burden of showing that his issue is of such substance that it presents a close question or one that very well could be decided the other way. Giancola, 754 F.2d 900-01.

    c.   Giving of Government's Requested Instruction on Affecting Interstate Commerce. White's second contention is that this Court improperly instructed the jury on the definition of the Hobbs Act element of effect on interstate commerce. (Doc. # 222, at 9). However, in so doing, he concedes that "current Eleventh Circuit law holds that only a minimal effect on interstate commerce is the required proof for a Hobbs Act conviction." Id.

    d. "The district court has broad discretion in formulating a jury charge as long as the charge as a whole is a correct statement of the law." Castleberry, 116 F.3d at 1389, citing United States v. Perez-Tosta, 36 F.3d 1552, 1564 (11th Cir. 1994). A conviction should stand "unless, after examining the entire charge, [ ] the issues of law were inaccurately presented, the charge included crimes not contained in the indictment, or the charge improperly guided the jury in such a substantial way as to violate the defendant's right to due process." United States v. Mcintosh, No. 05-14442, 2006 WL 3084651, at *1 (11th Cir. Oct. 31, 2006); Castleberry, 116 F.3d at 1389.

    e.   The Court's instruction in this matter included, among other instructions, the following paragraph:

7

> "While it is not necessary to prove that the Defendant specifically intended to affect commerce, it is necessary that the Government prove that the natural consequences of the acts alleged in the indictment would be to delay, interrupt or affect 'commerce,' which means the flow of commerce or business activities between a state and any point outside of that state. *It is only necessary for the Government to prove a minimal effect on interstate commerce*."

Court's Instructions to the Jury, at 10 (emphasis added). The first sentence of this paragraph is verbatim from the related pattern jury instructions. Pattern Jury Instructions, Criminal Cases, Eleventh Circuit (2003 Revision), Instructions 66.1 and 66.2. As conceded by White, the remaining sentence (highlighted above) is a correct statement of the law in this Circuit. Verbitskaya, 406 F.3d at 1331-32; Castleberry, 116 F.3d at 1387.

      f.   Because the complained-of sentence, and the entire charge as a whole, is a correct statement of the law, and because there is no evidence the charge improperly guided the jury in such a substantial way as to violate White's right to due process, this Court did not abuse its discretion by including it in formulating the charge ultimately given to the jury. United States v. Richardson, 233 F.3d 1285, 1292 (11th Cir. 2000), cert. denied, 532 U.S. 913 (2001); United States v. Smith, 231 F.3d 800, 807 (11th Cir. 2000), cert. denied, 532 U.S. 1019 (2001); United States v. Schlei, 122 F.3d 944, 969 (11th Cir. 1997), cert. denied, 523 U.S. 1077 (1998); Castleberry, 116 F.3d at 1389. Accordingly, as it is clear that this issue is neither novel, without circuit precedent, nor fairly doubtful, White

has failed to meet his burden of showing that his issue is of such substance that it presents a close question or one that very well could be decided the other way. Giancola, 754 F.2d 900-01.

### D. Would Favorable Decision to Defendant on Appeal Result in Reversal/New Trial on All Counts Where Imprisonment was Imposed?

14. Should the Eleventh Circuit not follow the precedent cited above, then the result of White's appeal on Counts 1, 4, 5, 8, and 9, would likely be reversal. However, that does not end the discussion. White was also convicted on two counts related to witness intimidation and destruction of evidence (Counts 13, 14). Neither of these counts has as an element proof of effect on interstate commerce. Nor are these counts affected by the jury instruction White complains of. Accordingly, as White has failed to meet his burden that the witness intimidation and evidence destruction counts would be reversed, his motion to remain on bond pending outcome of his appeal should be denied, even if he had proven that his other appellate issues raised a "substantial question." Giancola, 754 F.2d 901.

## IV. CONCLUSION

15. Because White has failed to meet his burden of proving either of the issues raised by him raise a "substantial question," or that Counts 13 and 14 would be reversed on appeal, his motion to remain released pending appeal is due to be denied. Giancola, 754 F.2d at 901. The United States respectfully requests this

Court direct White to meet his previously-set self-surrender date to the Federal Bureau of Prisons.

Respectfully submitted, this the 8th day of May, 2007.

        LEURA G. CANARY
        UNITED STATES ATTORNEY

        s/Todd A. Brown
        TODD A. BROWN
        Assistant United States Attorney
        One Court Square, Suite 201
        Montgomery, AL 36104
        Phone: (334)223-7280
        Fax: (334)223-7135
        E-mail: todd.brown@usdoj.gov
        ASB-1901-O64T

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| v. | ) CR. NO. 3:05-CR-0234-WHA |
| | ) |
| | ) |
| TYRONE WHITE | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on May 8, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: Russell T. Duraski, Esq.

        Respectfully submitted,

        s/Todd A. Brown
        TODD A. BROWN
        Assistant United States Attorney
        One Court Square, Suite 201
        Montgomery, AL 36104
        Phone: (334)223-7280
        Fax: (334)223-7135
        E-mail: todd.brown@usdoj.gov
        ASB-1901-O64T