## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Cr. No. 3:05cr234-WHA |
| | ) | (WO) |
| | ) | |
| TYRONE WHITE | ) | |

### ORDER

This cause is before the court on Defendant Tyrone White's Motion for Release Pending Appeal (Doc. #226), which was filed on May 2, 2007.

A jury found Defendant Tyrone White ("White") guilty of a conspiracy count, seven substantive Hobbs Act counts, and two counts related to witness intimidation and evidence tampering. This court granted in part and denied in part a Motion for Judgment of Acquittal, granting White's motion only as to three substantive Hobbs Acts counts. This court subsequently sentenced White to 30 months of imprisonment on all counts of conviction, and gave him a date of May 23, 2007 to self-surrender to the Federal Bureau of Prisons.

White has appealed his conviction, and has asked this court to set conditions of release pending his appeal pursuant to 18 U.S.C. § 3143(b).

A defendant must establish the following four factors in order for a court to grant bail pending appeal:

    (1) that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released;
    (2) that the appeal is not for purpose of delay;
    (3) that the appeal raises a substantial question of law or fact; and
    (4) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed.

*United States v. Giancola,* 754 F.2d 898, 901 (11th Cir. 1985).

The United States does not contest that the first two *Giancola* factors are met with respect to White. The United States does argue, however, that White has not established either factors three or four.

With regard to the third *Giancola* factor, White argues that substantial questions exist because this court erred in finding that the United States presented sufficient evidence to meet the interstate commerce requirement of the Hobbs Act, and in charging the jury that the required effect on interstate commerce under the Hobbs Act is a minimal effect.

Even if this court were to agree with White that he has raised a substantial question with respect to the Hobbs Act and conspiracy counts as to which he was convicted, White was also convicted and sentenced as to counts involving witness intimidation and evidence tampering, which do not have the Hobbs Act interstate commerce requirement. Therefore, White has failed to establish the final requisite factor under *Giancola*; namely, that if the substantial questions he has pointed to regarding interstate commerce are determined favorably to him on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed.

Accordingly, the Motion for Release Pending Appeal is due to be and is hereby ORDERED DENIED.

DONE this 10th day of May, 2007.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE